Case 65—INDICTMENT—March 10.

## Oliver v. Commonwealth.

APPEAL FROM PERRY CIRCUIT COURT.

INDICTMENT.—The provision of the Code requiring an indictment to be
indorsed "a true bill" is mandatory and not merely directory, and if
an indictment is not so indorsed it is not a valid indictment and
should be dismissed on demurrer.

JOHNSON, HURST & EVERSOLE FOR APPELLANT.

No brief in record.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. The law denouncing a penalty for cutting or sawing off the brands of
saw-logs is constitutional. (Commonwealth v. Puckett, 92 Ky., 206.)
2. Is it necessary to the validity of an indictment that it should have in-
dorsed on the back thereof "a true bill," followed by the signature of
the foreman? The answer to this question depends upon the construc-
tion of section 119 of the Criminal Code, and so far as I know this
section has never been construed.

CHIEF-JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted of the
statutory crime of cutting and sawing off the brands of
saw-logs. The indictment was signed by the foreman of
the grand jury and returned into court and received by
it. But it was not indorsed "a true bill."

Section 119 of the Criminal Code provides that the
"concurrence of twelve grand jurors is required to find

an indictment; when so found, it must be indorsed 'a true bill,' and the indorsement signed by the foreman."

The provision of the Code *supra* is mandatory, not merely directory, that the indictment shall be " indorsed a true bill and signed by the foreman," which indorsement is the only legal and competent evidence that the paper filed is an indictment legally found; and unless it is so indorsed the paper is not an indictment legally returned into court and which the accused is not bound to answer. It is not a valid indictment, and it should have been dismissed upon demurrer.

The case is reversed, with directions to dismiss the indictment.