## Dunnaway v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Exception to Overruling of Motion to Quash Service and Presentation in Motion for New Trial are Necessary for Review.—Alleged error in overruling defendant's motion to quash the service of process upon him because he was in the county in attendance upon court when he was served cannot be reviewed where no exception was taken to the action of the court, nor unless it was presented to the trial court in the motion for new trial, in view of Civil Code of Practice, section 334, and Criminal Code of Practice, section 282.

2. Criminal Law—Evidence of Another Sale of Liquor to Another Person at Same Time is Incompetent.—In a prosecution for an unlawful sale of intoxicating liquors, evidence that at the same

time and place defendant made another sale to another person is incompetent.

3. Criminal Law—Objection and Exception are Necessary to Present Admission of Evidence for Review.—The error in the admission of testimony is treated as waived where accused made no exceptions or objections to the introduction of the testimony.

J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Dunnaway, upon his trial on an indictment charging him with unlawfully selling spirituous, vinous and malt liquors, was convicted in the Harlan circuit court and on this appeal from the judgment his counsel insists upon two errors which he claims are sufficient to authorize its reversal, which are (1), that the court erred in overruling defendant's motion to quash the process upon the indictment and the return of the sheriff thereon, and (2), incompetent evidence introduced by the Commonwealth.

Neither the process by which defendant was brought before the court, nor the return of the sheriff thereon, is copied in the record, but defendant filed his affidavit and that of another in which it is stated that when apprehended on the indictment he was in attendance on the Harlan circuit court as a subpoenaed witness in another prosecution pending therein and that under the provisions of section 666 of the Civil Code and others referred to therein, which he claims are applicable to an enforced attendance upon a criminal prosecution the same as in a civil case, he was exempt from the service of the process and because of which his motion to quash the sheriff's return should have prevailed. It is unnecessary for us to determine the point raised, since no exception was taken to the order of the court overruling the motion, nor was that action of the court relied on in the motion for a new trial. The practice in this court is to treat the matter relied on as waived where no exception was taken to the alleged erroneous action of the court complained of; nor can it be reviewed on appeal to this court unless presented to the trial court in the motion for a new trial. Utterback v. Commonwealth, 190 Ky. 138; Webb v. Webb, idem 574; Delk v. Commonwealth, 166 Ky. 39; Commonwealth v. L. & N. R. R. Co., 175 Ky. 250; Civil Code, section 334,

and notes thereto, and Criminal Code, section 282, and notes thereto. · Under that rule as consistently followed by this court, this objection to the judgment is unavailable here, even if it should be held that is was meritorious, but which, for the reasons stated, is left undetermined.

The incompetent evidence relied on in ground (2), urged for a reversal, consists in a statement made by the prosecuting witness that when he purchased the whiskey his companion, who was with him at the time, also purchased a pint of whiskey from defendant. The two sales occurred at the same time, according to the testimony of the witness, and they were so closely connected as to be difficult of separation, and while the sale to the companion of the witness was irrelevant and, therefore, incompetent we fail to see wherein it prejudiced the substantial rights of the defendant. But, without discussing or disposing of the question upon its merits, it is sufficient to say that no exceptions or objections were made to the introduction of that testimony, and under the rule as announced by the cases, *supra,* and many others from this court which might be cited, the error, if any, must be treated as waived. The evidence was abundantly sufficient to sustain the verdict, and we find no fault in the instructions.

There being no error, of which we can take cognizance, prejudicial to the substantial rights of the defendant, the judgment is affirmed.