## Delong, et al. v. Commonwealth.

### (Decided May 18, 1928.)

### Appeal from Martin Circuit Court.

1. Criminal Law.—Defendants having, after the overruling of their motion at the close of the commonwealth's evidence for a peremptory instruction, taken the stand and furnished enough evidence to sustain their conviction, they are bound by their election, and cannot complain of the court's action on the motion.

2. Criminal Law.—An alleged ground for reversal, the overruling of demurrer to indictment, is without merit, the record not showing that any such demurrer was ever entered.

3. Criminal Law.—Defendants on prosecution for burglary were not prejudiced by sheriff's testimony that fines had been imposed on defendants which he had been endeavoring unsuccessfully to collect, and that he knew of no property that they had, the jury being admonished that they should consider the testimony with reference to fines only so far as it bore on the money or property owned by defendants, and no further.

4. Burglary.—Evidence of new clothes, suitcase, and money had by defendants shortly after the burglary, in which money was taken,

in connection with evidence that prior thereto they had been hard up, held admissible.

5.  Criminal Law.—Presumption that trial was regularly and properly conducted will prevail in absence of anything in record or bill of exceptions to show the fact, relied on as error, that court permitted jury to separate without admonishing them.

6.  Criminal Law.—Under Court of Appeals Rule 3, section 14, filing by commonwealth of supplemental record, showing other instructions, held permissible.

J. B. CLARK for appellants.

J. W. CAMMACK, Attorney General, and SAMUEL KIRBY, JR., Assistant Atorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

John P. Delong, Jr., and Jilson Delong seek by this appeal to reverse a judgment imposing upon each of them two years' imprisonment in the penitentiary for burglary.  Between 11 and 12 o'clock at night on May 6, 1926, some one stole about $600 belonging to William Goble, a man about 90 years of age.  The old man drew a pension from the federal government, and he kept his money in some pocketbooks which he kept in a box near the head of his bed.  There was a pane of glass about 14 x 28 inches in size that had been broken out of the window by the side of his bed, and to keep out the cold, some of the family had cut and fitted a piece of pasteboard into the place where the glass was broken out.  To obtain this money, the burglar cut two horizontal gashes in this pasteboard and a perpendicular gash, so that the part thus cut on three sides, could be turned back or opened like a door.  The burglar thrust his hand through the opening so made and obtained the box containing the old man's pocketbooks and his money.

It is the theory of the commonwealth that the defendants did this, and, after they did it, that on the next day they went by a round-about road through the mountains, avoiding the main traveled road, to Kermit, W. Va., where, upon the next day, Friday, May 7, John P. Delong was seen by Floyd Cornett and J. M. Moore. From Kermit they went to Kenova and eventually to Huntington, where they spent the night at the Arlington Hotel, occupying room No. 2.  They left Huntington on Saturday the 8th, as they said, to find work.  Jilson Delong was arrested on Friday the 14th.  Previous to

this time these two young men had not been very lavish in their expenditures for dress. In fact, the proof shows that they were usually clad in overalls, but when arrested each of them was well clad. Jilson Delong had $154 on him. He had bought and sent to his wife a number of things, and had a new suitcase containing garters, hose, caps, collars, B. V. D's, shirt, sweater, a suit, an extra pair of pants, and a pair of ladies' slippers, all of which were new. He explained his suddenly acquired wealth by saying he had gotten it from his brother John P. Delong. The officers arrested John P. Delong on the next day at a different place, and he had on him $174.50, a 15-jewel Elgin watch in a gold case, a fancy knife, and a lot of new clothes. Jilson had married a granddaughter of the man who was robbed, and they had lived in the home with the old man for awhile. Defendants knew his habits. Jilson Delong knew the old man had this money and knew where he kept it.

At the conclusion of the evidence for the commonwealth, about all that had been established against them was their possession of this suddenly acquired wealth, and they insist the court erred when it overruled their motion for a peremptory instruction then made; but they did not rest their case there, but took the stand themselves, and they and their witnesses furnished about the strongest evidence there is in the record against them, and, having elected to take the stand and having furnished enough evidence themselves to sustain the conviction, they are bound by their election, and cannot complain now because the court failed to direct their acquittal at the close of the commonwealth's evidence.

For defense they endeavor to establish an alibi by attempting to show that they were not in Kentucky on the night of May 6, but that they were that night registered at the Arlington Hotel in Huntington, W. Va. The register of that hotel does show that on the night of May 6 they were registered there, but that register also shows that upon that night two other men occupied the room that the defendants claim to have occupied, and, if that register is reliable, it would also indicate that there were empty rooms in that hotel that night. The evidence also shows that just as soon as John P. Delong could give bond and get out that he made a second trip to Huntington and registered at this hotel on the night of May 19, and then had opportunity to fix the day of his former stay at May 6. This hotel register was not very care-

fully and accurately kept. Some of the patrons marked down the date that they lodged there and others did not.

That brings us to a consideration of their alleged grounds for reversal. The first is an alleged error of the court in overruling their demurrer to the indictment, but, as the record does not show that any such demurrer was ever entered, this ground is without merit.

They objected rather strenuously to the evidence of the sheriff, who testified he had been acquainted with these young men for some time; that he knew of no property that they had; that fines had been imposed on them which he was endeavoring to collect and had not been able to do so. As the court admonished the jury that they should consider this testimony with reference to the fines only in so far as it bore upon the money or property owned by the defendants, and no further, they were not prejudiced by its admission. They objected also to the evidence about the new clothes, money, suitcase, etc.; but that was properly admitted, so that there is nothing in their claim that improper evidence was admitted against them.

Their next allegation of error is that the court permitted the jury to separate without admonishing them, but there is nothing in the record or the bill of exceptions to show that occurred, and the presumption that the trial was regularly and properly conducted must prevail in the absence of something to overcome it.

One of their grounds for a new trial is that there was no order impaneling the jury, but they have prepared and filed a bill of exceptions which shows that the jury were duly impaneled and sworn.

They allege that the court did not give to the jury the whole law of the case, but we have examined the three instructions given and are unable to find merit in this contention. In the original bill of exceptions there was only one instruction given, and the defendants insist that that was all that was given upon the trial. The commonwealth has produced and filed a supplemental record in which the two other instructions appear over the certificates of the judge and the clerk. The defendants have moved to strike this supplemental record, but, under our rule 3, section 14, the filing of this supplemental record is permissible, and their motion to strike it is overruled.

The defendants have had a fair trial. The verdict is supported by the evidence, and the judgment entered upon it is affirmed.