## Divine v. Commonwealth.

(Decided March 1, 1929.)

258

W. O. SMITH for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the crime of grand larceny and sentenced to serve five years in the penitentiary. He appeals.

Two grounds are assigned by the appellant for a reversal of that judgment. He says, first, that his motion for a peremptory instruction should have been sustained because the only evidence against him was that given by an accomplice, which, being uncorroborated, was insufficient to support his conviction (Criminal Code, sec. 241); secondly, that he was entitled to a new trial because of newly discovered evidence of vital importance.

This case is a companion case to that of Ed Brewer v. Commonwealth (Ky.) 14 S. W. (2), decided February 19, 1929. The evidence adduced by the commonwealth in this case is the same as that adduced by it in the Brewer case, and therefore we will not repeat it here. The appellant denied in toto the evidence of Edwards, claimed that he was at his home the night the automobile was stolen, and introduced Doss and Hogan, who testified as they did in the Brewer case. If Edwards' testimony be believed, he was not an accomplice of the appellant, as he did not knowingly participate in the crime for which the appellant stands accused. The instructions are not in the record, and in their absence it will be presumed that the court properly instructed the jury that they

could not convict the appellant if they believed Edwards was an accomplice. There is no merit in the appellant's contention that he was entitled to a peremptory instruction.

As to the second ground relied upon for a reversal the appellant's contention is meritorious. His affidavit and that of the newly discovered witnesses exonerate him from any charge of any lack of diligence in the procurement of this testimony for the trial he had. The newly discovered evidence produced in this case is precisely the same as that produced in the Brewer case. We there said:

"If the affidavits of these witnesses are true," it tends to show that "Edwards was not the innocent agent of the thieves in taking care of the stolen car, and (that) he did not testify truely at the trial. It would tend to show that Edwards was either the thief, or in complicity with the thieves. According to his testimony at the trial, Edwards was an innocent victim of designing criminals, and had no guilty knowledge that the Ford coupe was stolen property. If the jury had known that he had claimed to be the owner of the car, that he had said he bought it for $200, that he had said he 'hijacked' it from other criminals, that he had sold the spare wheel, and had testified falsely in many particulars, it might have rejected the story of Edwards."

We cannot distinguish this case from the Brewer case, and, since we there held that the court should have sustained the motion for a new trial on this ground, we must so hold here.

Judgment reversed.