## Bowling v. Commonwealth.

(Decided April 30, 1929.)

W. K. STEELE and E. J. PICKLESIMER for appellant.

J. W. CAMMACK, Attorney General, and GEO. HUNT MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Willis—Affirming.

Blaine Bowling shot and killed Marion Ball. He was indicted for murder, convicted of manslaughter, and condemned to serve 10 years in the penitentiary. He has prosecuted an appeal to this court, insisting that the court erred to his prejudice (1) in overruling a demurrer to the indictment because it was not indorsed, "A true bill," and signed by the foreman of the grand jury; (2) in proceeding without jurisdiction to sentence the appellant because the record fails to show the names of the jurors that tried the case; (3) in permitting certain photographs to be introduced in evidence; and (4) in refusing a new trial because of newly discovered evidence vital to the defense.

(1) The record, as originally prepared, showed that the indictment was filed in court, but did not show the indorsements thereon. On motion of the commonwealth, the original indictment has been filed in this court as a part of the record. It shows that the indictment was duly indorsed "A true bill," and properly signed by the foreman. The Criminal Code, sec. 119, requires an indictment to be indorsed "A true bill," and signed by the foreman. The provision is mandatory. Cochran v. Com., 210 Ky. 332, 275 S. W. 810; Oliver v. Com., 95 Ky. 372, 25 S. W. 600, 15 Ky. Law, Rep. 662; Com. v. L. & N. R. R. Co., 32 S. W. 136, 17 Ky. Law Rep. 562; Terrell v. Com., 194 Ky. 608, 240 S. W. 81. The record now shows complete compliance with the provision of the Code, and demonstrates that the complaint was without any real basis.

(2) The trial orders appearing in the record do not contain the names of the jurors. They do show that a jury was impaneled and sworn, heard the statements of counsel for both parties, the evidence, the instructions of the court, and returned a verdict signed by one of the jury. A jury in a criminal case must consist of 12 persons, and, if the record shows that the trial proceeded before less than a legal jury, the verdict may not be sustained. Jackson v. Com., 221 Ky. 823, 299 S. W. 983. In that case the record showed affirmatively that defendant was tried by a jury composed of only 11 persons, which failed to conform to section 7 of the Constitution, and required reversal of the judgment. There is nothing in this record to indicate, and it is not contended, that the jury was composed of less than 12 men. The record refers to the jury, and, as no objection was made, or the

point raised in the motion and grounds for a new trial, it must be assumed that the jury mentioned was a constitutional jury of 12 persons. The omission of the clerk to record their names on the order book did not affect the rights of the appellant or invalidate the trial. Appellant cites the case of Chapman v. Com., 199 Ky. 204, 250 S. W. 844, where the record did not fail to show the names of the jurors, but the verdict of the jury was not entered on the record. The court held that the judgment based on the verdict could not be rendered until the verdict was recorded. The clerk who made the transcript in this case was very careless and did not prepare the record in the usual and proper way; but the court is one of general jurisdiction, and, in the absence of a showing to the contrary, we necessarily assume that the case was tried by a lawful jury. There is ample authority to sustain the principle that every presumption will be indulged in favor of the judgments of a court of general jurisdiction, in the absence of a showing to the contrary. Delong v. Com., 225 Ky. 461, 9 S. W. (2d) 136; Phillips v. Robinson, 225 Ky. 682, 9 S. W. (2d) 995. We are fortified in this conclusion by the failure of the able and careful counsel for the appellant to make any complaint on this score in his motion and grounds for a new trial. If there had been any irregularity in the respects now complained of, we do not doubt that appellant would have availed himself of it in such motion. Where matters occuring at the trial and before the verdict are not specified in the motion and grounds for a new trial, they are not available in this court. Finney et al. v. Com., 190 Ky. 536, 227 S. W. 999; Thompson v. Com., 122 Ky. 501, 91 S. W. 701, 28 Ky. Law Rep. 1137; Criminal Code, sec. 274.

(3) Complaint is made of the admission in evidence of two photographs of the automobile in which the deceased, Marion Ball, was riding at the time he was killed. We are unable to see that the introduction of these photographs was prejudicial in any respect. The evidence shows that they were correctly taken, and, while the photographer is uncertain as to the time, there is other evidence that they were taken within a few days after the fatal shooting. We have held that photographs of places or things involved in a trial may be admitted in evidence when they are proven to be correct. Elmendorf v. Com., 171 Ky. 410, 188 S. W. 483. All agreed that the deceased was in his automobile when the shooting began, and we see nothing in the pictures that shed any light upon the

guilt or innocence of the accused. The testimony showed that the automobile was not available at the trial, as it had been reclaimed by a mortgagee. If it had been there the jury might have looked at it, and, in its absence, we see no possible prejudice to appellant in permitting the jury to see the pictures. The appellant testified regarding these pictures, and pointed out in one of them a break or injury which he caused after the shooting by driving his own car against it. We see no basis for complaint of this evidence, since it was neither incompetent nor prejudicial.

(4) It is finally insisted that a new trial should have been granted in order that the appellant might introduce a witness to contradict one of the witnesses for the commonwealth. Shelby Hardy had been present at a previous trial of this case, which resulted in a hung jury, but had not been introduced as a witness. He was present at the second trial, and counsel for the appellant in his opening statement to the jury adverted to that fact. When the witness testified, he disclosed that Dewey Hager was with him that day, although not with him at the exact time of the shooting. After the trial was over, the affidavit of Dewey Hager was filed, in which he stated that he was with Shelby Hardy about the time of the shooting or soon thereafter, and that Hardy had said nothing to him about it. It is argued that this evidence was important. The rule is that a new trial will not be granted for newly discovered evidence, unless it is of such unerring character that it would probably work a change in the result of the trial. The most that could be said for this evidence is that it would affect the credibility of the witness Hardy. A new trial will not be granted to allow impeaching testimony of the character here involved. Brewer v. Com., 228 Ky. 128, 14 S. W. (2d) 375; Divine v. Com., 228 Ky. 257, 14 S. W. (2d) 767; Stewart v. Com., 191 Ky. 538, 230 S. W. 950; Overton v. Com., 202 Ky. 35, 258 S. W. 941; Breeding v. Com., 191 Ky. 128, 229 S. W. 372. We are not impressed that the testimony of Dewey Hager would have had any material influence upon the trial, if produced, and it is not of the decisive character that will authorize the granting of a new trial.

Having considered all of the complaints of the appellant, and finding none of them meritorious, it results that the judgment may not be disturbed.

Judgment affirmed.