## Pope v. Commonwealth.
(Decided Jan. 13, 1933.)

CHARLES A. COMSTOCK for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant whom we shall refer to as the defendant slew his wife in a jealous rage, he was convicted and his punishment fixed at death. This homicide occurred near the southeast corner of the intersection of Garland avenue and 12th street in Louisville, Ky., about 11 p. m., November 23, 1931.

The defendant, aged 31, and the deceased, aged 27, had been married about 9 years; they had 5 children; the defendant was jealous hearted, frequently quarreled with his wife about fancied attentions of other men to her, and was cruel to her, as a result of which they were divorced on October 31, 1931, and the custody of the children granted to the deceased.

The defendant was endeavoring to induce her to return to him and was, so he says, trying to do so just before the shooting and admits that he was then quarreling with her about some man that he insists he had seen her with the night before. He had armed himself on the night before after seeing this man and on this night when, according to him, she told him she would not go back to him he drew his pistol and shot her. One ball passed through her left kidney and came out of her body in front; another ball broke the bone of her right arm, entered her body and lodged near her left arm pit, a third ball entered her right side, passed through her body, and also lodged near her left arm pit, as a result of which she died almost immediately and without saying a word except to scream each time she was shot.

There were seven eyewitnesses to the shooting, and, according to them, the first shot was fired by the

defendant as his wife was running away from him and after the first shot struck her she turned and ran back toward or past him, whereupon he shot her twice more and she fell.

The defendant has a puny story of self-defense which consists of a statement that she was coming at him with a knife and he shot to save himself from what he regarded as danger of great bodily harm, but no knife was found on or about the deceased; the location of the wounds on her body do not harmonize with his story of the shooting and the evidence of the eyewitnesses is in direct conflict with his account. He made a motion for a new trial based upon twelve alleged grounds but really he had but four grounds as many of these alleged grounds are repetitions of each other. Those grounds are that the verdict was not supported by the evidence but there was not enough merit in this for him to discuss in his brief and neither shall we discuss it in the opinion; alleged error of the court in permitting the commonwealth to introduce photographs of the deceased showing the wounds upon her body which the defendant alleges was very prejudicial to him which is true but in order to obtain a reversal it would be necessary for him to show not only the evidence was prejudicial but was erroneously admitted and these photographs had been properly identified by the man who took them and the court did not err in admitting them. See Young v. Com., 245 Ky. 570, 53 S. W. (2d) 963, and cases cited in that opinion; alleged misconduct of the commonwealth's attorney in his argument to the jury, but this is not embodied in the bill of exceptions, but, if it were, it would be without merit for what was said was within the range of legitimate argument; and, finally, the defendant has, so he says, discovered three new witnesses whose affidavits are in the record and we have examined them. One of these affidavits contains some evidence that would tend to impeach Laura Ward, a witness for the commonwealth, upon one important feature of the case but it is the rule of this court not to grant a new trial for evidence of that character except under exceptional circumstances which do not exist here; see Bowling v. Com., 230 Ky. 387, 19 S. W. (2d) 1086, Hensley v. Com., 241 Ky. 367, 43 S. W. (2d) 996.

The evidence of the other newly discovered witnesses would harm rather than help the defendant,

hence there is no merit in his contention so far as newly discovered evidence is concerned.

The punishment which this judgment will inflict upon the defendant is very severe, but his crime was atrocious and he had not the slightest hesitancy in inflicting a similar punishment upon the deceased because he fancied her to be guilty of far lesser offense. The judgment is affirmed. The whole court sitting.