## Dunn et al. v. Commonwealth.

(Decided Feb. 8, 1935.)

WILLIAMS & ALLEN and R. A. DUNN for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellants, Bill Dunn, Kelly Dunn, and Ben King, were jointly indicted in the Breathitt circuit court for the willful murder of Beckham Helton, and upon trial were convicted of voluntary manslaughter.

By the record it appears that on the back of this indictment is the following indorsement:

"Commonwealth of Kentucky **v. Bill Dunn,** Kelly Dunn and Ben King.

"Indictment for Murder.

"R. L. Hadden, Foreman.

"Presented by the foreman in the presence of the Grand Jury—to the court and filed in open Court this the 16 day of July, 1934.

"G. L. Allen,

"Clerk Breathitt Circuit Court."

It nowhere appears in the record, by this indorsement or otherwise, that the indictment thus presented in court by the grand jury was by its foreman indorsed and signed "a true bill," as required by section 119 of the Criminal Code of Practice which provides that:

"The concurrence of (twelve) grand jurors is required to find an indictment; when so found, it must be indorsed 'a true bill,' and the indorsement signed by the foreman."

For such defect in the indictment, it is urged that defendant's demurrer thereto should have been sustained, and the indictment quashed. In this we concur.

In the case of Oliver v. Commonwealth, 95 Ky. 372, 25 S. W. 600, 15 Ky. Law Rep. 662, it is held that this section is mandatory in requiring that the indictment must be indorsed "a true bill" and signed by the foreman. While in Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 765, 9 Ky. Law Rep. 481, and Pickerel v. Commonwealth, 30 S. W. 617, 17 Ky. Law Rep. 120, it is held that although defendant's right to object to the indictment, because defective in this respect, be waived by failing to demur or to move to set it aside upon such ground, yet, where a demurrer is filed challenging its validity as defective in failing to comply with this mandatory provision of the quoted section, the demurrer must be sustained and the indictment dismissed. To such effect, see Com. v. Louisville & N. R. Co., 32 S. W. 136, 17 Ky. Law Rep. 562, and also Cochran v. Commonwealth, 210 Ky. 332, 275 S. W. 810. In the latter case we said:

"This provision [section 119, Criminal Code] is

mandatory, and the trial court erred in overruling the demurrer to the indictment. * * *''

Commonwealth v. L. & N. R. Co., 32 S. W. 136, 17 Ky. Law Rep. 562; Lewis v. Commonwealth, 48 S. W. 977, 20 Ky. Law Rep. 1104; Terrell v. Commonwealth, 194 Ky. 608, 240 S. W. 81; Bowling v. Commonwealth, 230 Ky. 387, 19 S. W. (2d) 1086.

To like effect, again in construing this Criminal Code of Practice, sec. 119, as mandatory, in the Oliver Case, supra, we said:

"The provision of the Code supra is mandatory,—not merely directory,—that the indictment shall be 'indorsed a true bill and signed by the foreman,' which indorsement is the only legal and competent evidence that the paper filed is an indictment legally found; and, unless it is so indorsed, the paper is not an indictment legally returned into court, and which the accused is bound to answer. It is not a valid indictment, and it should have been dismissed upon demurrer.''

Wherefore, it needs must follow for such reasons that here, as there, we are constrained to conclude, upon the authority of the cases cited, that the court erred in overruling demurrer to the indictment, for which reason the judgment of conviction should be, and it is reversed with directions to sustain the demurrer to the indictment and for further proceedings consistent herewith.