## Mitchell et al. v. Commonwealth.

April 25, 1950.

J. S. Forester, Judge.

J. Leonard Davis for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

CHIEF JUSTICE SIMS—Affirming.

Berry Mitchell and Paul Baumgardner were jointly tried upon an indictment charging them with robbery. Both were convicted and Mitchell's punishment was fixed at confinement in the penitentiary for five years, while Baumgardner was given two years. They urge two grounds for reversal of the judgment; 1. The court erred in refusing to hear oral testimony on their application for a change of venue; 2. the verdict is not supported by the evidence and is the result of passion and prejudice.

Unfortunately for appellants, no reference is made in the motion for a new trial to the court's failure to hear oral testimony on their application for a change of venue, therefore we cannot consider the first error assigned. The rule in this jurisdiction is that any error committed by the court in the course of a trial cannot be reviewed on appeal in this court unless it is presented to the trial court in the motion for a new trial. Arnold v. Com., 194 Ky. 421, 240 S. W. 2d 87; Dunnaway v. Com., 198 Ky. 605, 249 S. W. 795; St. Clair v. Com., 245 Ky. 730, 54 S. W. 2d 1; Hanks v. Com., 248 Ky. 203, 58 S. W. 2d 394; Bowling v. Com., 230 Ky. 387, 19 S. W. 2d 1086; Criminal Code of Practice, sec. 274.

Appellants, Berry Mitchell and Paul Baumgardner, are brothers-in-law; the former is a grandson of Mr. and Mrs. Nelse Skidmore, the victims of the robbery, and lived in a shack about a half a mile from their home in a remote section of Harlan County. The Skidmores are quite old, Mr. Skidmore being 87 and his wife 84 years of age at the time they were robbed on the night of June 9, 1949. The day before the robbery appellants had been working on a wall on some property Mitchell owned near his grandfathers' home and they stopped by to see the old couple.

About midnight on Thursday, June 9th, two masked men broke open the door to the Skidmore home, bound Mr. and Mrs. Skidmore with ropes and robbed them of

$15,000 cash, part of which was in the trousers of Mr. Skidmore, which he had placed under the pillow on his bed, and the balance of the money was in a belt Mrs. Skidmore wore around her body under her clothes. The robbers knew where the money was kept because without any search they immediately found it as soon as they had securely bound the old couple. The criminals carried flashlights and both Mr. and Mrs. Skidmore testified that in the struggle their masks became disarranged on their faces and they recognized appellants as their assailants. Furthermore, the victims testified they recognized appellants by their voices. Mr. and Mrs. Skidmore were positive in their identification of appellants and were not shaken on cross-examination.

The defense was an alibi. Berry Mitchell denied having any connection with the robbery and testified he was unmarried, was 39 years of age, owned 91 acres of coal and timber lands and had $8,500 in bank. The night of the robbery he drove to Stone Creek, Va., bought a case of beer and returned to his shack around midnight. After he went to bed somebody knocked on his door, told him to come out saying it was Clouty Gross, a friend of Mitchell. When he went to the door two masked men seized and bound him hand and foot and took his car keys and drove off in his car with another man and a woman. He finally got loose and went to some neighbors and asked them to drive him to the state police to report the loss of his car. He found his car the next morning parked near the depot in Harlan.

Paul Baumgardner likewise denied having any connection with the robbery and testified he was 28 years of age and had married a sister of his co-defendant. He stated he spent the night of June 9th in the home of his brother, Homer Baumgardner, arriving there around 6 p. m. He was corroborated by Homer, Homer's wife, his brother Gene and several witnesses who were not related to him.

There are certain facts and circumstances which corroborated Mr. and Mrs. Skidmore, such as the ropes with which they were tied were identified as being very similar and of the same character as some ropes appellant Mitchell had in his shack before the night of the robbery. However, we deem it unnecessary to go into this evidence in detail and it will suffice to say that the evi-

668

dence of the Commonwealth is in direct conflict with that of appellants, and the jury would have been justified in returning a verdict of guilty or one of acquittal, depending upon whether they accepted the evidence offered by the prosecution or that offered by the defense as being true. This case is peculiarly one for the jury whose duty it is to pass on the credibility of the witnesses and to weigh the evidence. In such circumstances this court will not disturb a verdict which is supported by substantial evidence of probative value. Moore v. Com., 301 Ky. 851, 193 S. W. 2d 448, 163 A. L. R. 1134, and authorities therein cited.

For the reasons given the judgment is affirmed.