William HUNT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1960.

WADDILL, Commissioner.

William Hunt is appealing from a judgment sentencing him to prison for two years upon his conviction for storehouse breaking. KRS 433.190. He assigns as error the rejection of his plea of former jeopardy and his motion for a directed verdict of acquittal.

During the night of November 11, 1958, the storehouse of the Capitol Aluminum Company was broken into and certain property was stolen, including a check-writing machine, a typewriter and an adding machine. Two separate indictments were returned against appellant, one charging grand larceny and the other storehouse breaking.

Appellant was placed upon trial on the larceny indictment and was acquitted by a jury. Thereafter, appellant was tried on the charge of storehouse breaking and was convicted. On this appeal he contends that his acquittal upon the charge of larceny is a bar to the subsequent prosecution for storehouse breaking.

The protection against double jeopardy is contained in Section 13 of Kentucky's Constitution and it provides "No person shall, for the same offense, be twice put in jeopardy of his life or limb, * * *." This section of the Constitution refers specifically to another prosecution for the same offense. If the charge of grand larceny in the indictment upon which appellant was acquitted is the same offense as contained in the indictment in the instant case, namely, storehouse breaking, then appellant's plea of former acquittal should have been sustained and appellant was entitled to be set free upon the latter charge.

The question arises as to what test will be applied by the court to determine whether the two offenses are sufficiently similar in law and in fact to be within the prohibition of double jeopardy principles or whether the two offenses are sufficiently distinct

Leland H. Logan, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Earle V. Powell, Asst. Attys. Gen., for appellee.

to be prosecuted separately.[1] Appellant urges that he was twice in jeopardy because both of the offenses allegedly committed by him arose out of the same criminal transaction and that the facts necessary to convict on the second prosecution would have convicted him upon his first trial.

The principal distinction between the offense of larceny and the offense of storehouse breaking is that the elements of the two offenses are different. To establish the offense of storehouse breaking denounced by KRS 433.180 a taking of property is not required to be proven. A forcible entry and the intent to steal are the essential elements of the offense. Broughton v. Commonwealth, 303 Ky. 18, 196 S.W.2d 890; Roberson's New Kentucky Criminal Law and Procedure, Section 658, page 864. In the offense of larceny the elements consist of the taking and asportation of property of another by trespass with the felonious intent to permanently deprive the owner of the property. Richards v. Commonwealth, 195 Ky. 333, 242 S.W. 591; Roberson's New Kentucky Criminal Law and Procedure, Section 807, pages 1011, 1012. Furthermore, larceny is not a degree of storehouse breaking, and under trial of an indictment for storehouse breaking the accused cannot be convicted of either grand or petit larceny. Thomas v. Commonwealth, 150 Ky. 374, 150 S.W. 376; Wallace v. Commonwealth, 162 Ky. 85, 172 S.W. 118; Roberson's New Kentucky Criminal Law and Procedure, Section 663, pages 869, 870.

Under the "severable and distinct offense" test two offenses growing out of a single criminal transaction may be separately prosecuted provided that: The elements of the offenses are not the same; one of the offenses is not a degree of the other offense (Ky.Criminal Code of Practice, § 263); the single criminal act violates two statutes or a statute and the common law.

22 C.J.S. Criminal Law § 9, p. 60, and § 285, pp. 427, 428; Easley v. Commonwealth, Ky., 320 S.W.2d 778; Hughes v. Commonwealth, 131 Ky. 502, 115 S.W. 744, 31 L.R.A.,N.S., 693; People v. Devlin, 143 Cal. 128, 76 P. 900; People v. Woolsey, 399 Ill. 617, 78 N.E.2d 237; State v. Cowman, 239 Iowa 56, 29 N.W.2d 238. Since it appears that larceny and storehouse breaking are separate offenses, though they may occur from a single transaction, the principles of double jeopardy have no application to prevent a prosecution for both offenses. As was said in Centers v. Commonwealth, Ky., 318 S.W.2d 57, 58, wherein the "severable and distinct offense" test was applied, "Offenses are not the same if upon the trial of one proof of an additional fact is required, which is not necessary to be proved in the trial of the other although some of the same acts may be necessary to be proved in the trial of each. * * *. The fact that some single element of the offense charged may have a single element of some other offense as to which the defendant has previously been in jeopardy is not sufficient to support a plea of former jeopardy." This rule is particularly applicable to the instant case because the proof necessary to establish the elements of storehouse breaking is substantially different from the evidence required to prove the offense of larceny.

We have concluded that the trial court correctly rejected appellant's plea of former acquittal of the same offense.

Appellant further contends that the court erred in failing to sustain his motion for a directed verdict of acquittal. This raises the question of the sufficiency of the evidence in addition to the claim of double jeopardy.

On the trial of the instant case, Paul Settle testified that he and appellant forcibly entered the storehouse of the Capitol Aluminum Company during the early morn-

---

1. For a comprehensive discussion of this question see articles in Vol. 24, Minnesota Law Review, pages 522–563, and also Vol. 58, Yale Law Review, pages 513–544.

ing of November 11, 1958, and he gave all the details of the offense and the disposal of the stolen articles. Buford Page testified that appellant was in the company of Paul Settle when articles taken in the break-in were sold by Settle. A night watchman, who was acquainted with appellant and Settle, testified that on the night of the break-in he saw appellant and Settle together in the vicinity of Capitol Aluminum Company premises at about one o'clock.

The testimony of Page and the watchman sufficiently corroborated the testimony of Paul Settle, an accomplice, so as to take the case to the jury and to sustain its verdict of guilty. Hunt v. Commonwealth, 288 Ky. 138, 155 S.W.2d 732; Williams v. Commonwealth, 257 Ky. 175, 77 S.W.2d 609; Mattingly v. Commonwealth, 195 Ky. 838, 243 S.W. 1044.

Judgment affirmed.