Mack ARRINGTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1961.

D. L. McNeill, Hickman, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

Mack Arrington was charged with storehouse breaking under KRS 433.190. He was convicted and his punishment was

fixed at confinement in the penitentiary for a period of three years. He appeals.

For reversal he first complains that the evidence was insufficient

It will be noted that one Robert Stoddard was indicted separately as a principal in this same crime. James Wimberly, a witness for the Commonwealth, testified that both Arrington and Stoddard were in an alley near the storehouse between 3:30 o'clock a. m. and 4:00 o'clock a. m., and before daylight, on the night of the crime. The witness also testified that they were carrying a cardboard box.

The testimony shows that the tool used to open the storehouse door left peculiar marks and indentations on the wood. An officer testified that these men were apprehended in another town. Witnesses testified that tools found in a car being used by them were so shaped as to make marks identical to those made on the wooden door and door frame of the storehouse. This we believe was sufficient to take the case to the jury. It is true that witnesses testified that Arrington and Stoddard were more than a hundred miles away at or about the time witness Wimberly places them in the alley near the storehouse. It was the burden of the jury to weigh the evidence and make its finding. Having done this upon competent testimony of probative value this Court will not disturb the jury's finding. Stumbo v. Commonwealth, Ky., 299 S.W.2d 115; Jones v. Commonwealth, Ky., 281 S.W.2d 920; Mitchell v. Commonwealth, 312 Ky. 665, 229 S.W.2d 450.

Arrington further complains that the trial court erred in not giving the whole law of the case. Upon examination of the record we find that this complaint is not mentioned in the motion and grounds for new trial. We therefore refuse to consider it on appeal. Mercer v. Commonwealth, Ky., 332 S.W.2d 655.

Two further grounds for reversal are urged but they are so obviously without merit that a discussion is unwarranted.

We find no reversible error in this record. The judgment is therefore affirmed.