**Lawrence HARVEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Rehearing Denied Feb. 23, 1968.

**536** 

Richard H. Nash, Louisville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Having been convicted and sentenced to imprisonment for three years upon a charge of grand larceny, Lawrence Harvey appeals and contends: (1) that he was entitled to a peremptory instruction of acquittal; (2) that the trial court unduly restricted his right of cross-examination of witnesses; (3) that the court made improper comments in the presence of the jury; and (4) that the instructions and forms of verdicts submitted to the jury were erroneous.

According to the evidence for the Commonwealth, Lawrence Harvey and Benjamin Jack Anderson were seen carrying a television set which they loaded into a "U-Drive-It" truck. Employees of the Mid-Land Warehouse first noticed this activity when they returned from their lunch period. One of the employees confronted Anderson and inquired whether he had a bill of lading, to which Anderson responded that Harvey had such bill of lading. Before the witness could check this with Harvey, the latter "took off," first by walking and then by running away. Harvey ran in a large storage warehouse and climbed upon some cartons where he was located shortly thereafter.

Meanwhile, Anderson fled the area by driving away in a pick-up truck (not the U-Drive-It truck). News of this transaction was conveyed to the Jefferson County police. Officer Sohn of that department arrived at the scene quite promptly and located Harvey on top of some cartons. Officer Sohn learned of Anderson's departure from the scene, and he notified his headquarters of the situation with a request that an effort be made to locate Anderson, who was thought to be in or about a cornfield close by. Pursuant to that request, another officer of the Jefferson County Police Department did locate Anderson who was seated in an automobile parked alongside the National Turnpike. Anderson related to the offi-

cer that the car had run out of fuel and his companion had gone to obtain gasoline. The officer noted that the ignition keys of the automobile were missing and Anderson was naked from his waist up. It was shown later that the automobile belonged to appellant Harvey.

A farmer who lived nearby testified that he saw Anderson drive a pick-up truck into his barn lot where he parked it and alighted. This witness noticed Anderson removing his shirt and walking hurriedly away from the area. The same witness saw Anderson later in the automobile and positively identified him at the trial.

Another witness testified that earlier on the morning of the crime, he had rented a truck to appellant Harvey who had used the alias, Charles W. McRay.

Harvey and Anderson were jointly indicted and tried. So far as the record before us discloses, neither of them made a motion for separate trial. Each of them denied complicity in the offense and insisted that the Commonwealth's witnesses had made a mistake in identification. Harvey admitted that he had been on the premises of the Mid-Land Warehouse Company but maintained that he went there seeking a telephone in order to obtain service for his disabled car. He undertook to explain his flight and unusual position on the cartons by claiming that he was frightened when a group of Mid-Land's employees chased him with various menacing weapons. Both Harvey and Anderson testified that Anderson had never been upon the Mid-Land Warehouse premises at any time.

The appellant contends that there was a failure of proof touching the question of ownership of the television sets which were the subject of the alleged larceny. At the conclusion of the evidence for the Commonwealth, the appellant made timely motion for peremptory instruction of acquittal based upon that contention. The motion was overruled, although there had been no direct testimony respecting the ownership of the television sets. Thereafter, appellant

and Anderson took the witness stand and related their versions of the affair. They disclaimed involvement and clearly disclaimed ownership or right of possession of the television sets. The elements of larceny are accurately stated in Hunt v. Commonwealth, Ky., 338 S.W.2d 912, as follows:

"In the offense of larceny the elements consist of the taking and asportation of property of another by trespass with the felonious intent to permanently deprive the owner of the property." Id. 338 S. W.2d 914.

■ Within the framework of that definition, it is obvious that Harvey cannot be heard to say that he owned or had the right to possession of the television sets. In short, Harvey (and Anderson) supplied for the Commonwealth any deficiency which may have existed in the Commonwealth's evidence respecting the right of possession and ownership of the property. In such circumstances there is no reversible error in the failure of the court to peremptorily instruct for acquittal at the conclusion of the Commonwealth's evidence. Campbell v. Commonwealth, 244 Ky. 328, 50 S.W.2d 929; Eaves v. Commonwealth, 241 Ky. 140, 43 S.W.2d 528; Shepherd v. Commonwealth, 240 Ky. 261, 42 S.W.2d 311.

■■ Harvey and Anderson were represented by their separately retained attorneys. During the course of the trial, the presiding judge substantially directed that each attorney should confine himself in cross-examination to matters pertaining to his own client. We agree that the right of liberal cross-examination is a very substantial and important safeguard in the proper trial of criminal and civil cases. Without unduly extending this opinion by detailed reference to the rulings complained of, we regard it as sufficient to say that we are unable to find any prejudicial error stemming from the rulings of the trial judge respecting the cross-examination of witnesses. In general, the restriction was directed against repetitive interrogation, and there is nothing to suggest that any available testimony

was denied the appellant. Without deciding that any error was committed, we observe that RCr 9.24 would preclude reversal upon the ground asserted.

The next assault upon the judgment is premised upon claimed improper remarks from the bench by the trial judge. Reliance is had upon Merritt v. Commonwealth, Ky., 386 S.W.2d 727, but we find the situation at bar readily distinguishable from that in Merritt. Without cataloguing the criticized comments of the court, we are entirely convinced that there is no merit in the contention advanced in this regard. The trial judge said nothing which could be regarded as reflective of a partial attitude on his part.

 The appellant contends that the court should have instructed the jury that it could find either of the defendants guilty or innocent without so finding the other. In the peculiar circumstances of this case, such an instruction would have been improper. The two men accused were necessarily bound to stand or fall together, and the instructions and forms of verdicts submitted to the jury were appropriate. See Duroff v. Commonwealth, 192 Ky. 31, 232 S.W. 47; Johnson v. Commonwealth, 311 Ky. 182, 223 S.W.2d 741.

The judgment is affirmed.

All concur.