**Frank ANDERSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 12, 1977.

Jack Emory Farley, Public Defender, Kevin M. McNally, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Deedra Benthall-Nietzel, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, REYNOLDS, and WILHOIT, JJ.

WILHOIT, Judge.

Appellant, Frank Anderson, was indicted by the Owsley County Grand Jury on two charges of forgery in the first degree. On trial by jury he was found guilty of second degree forgery (KRS 516.030) on one charge and not guilty on the other. His punishment was set at confinement for one year and a day. Anderson appeals.

The appellant's first assignment of error is that the trial court should not have admitted into evidence a photocopy of the check he was convicted of having forged. He contends that at the time this copy was admitted into evidence there had been no showing by the Commonwealth that the original check was unavailable. The Commonwealth concedes no such showing was made prior to the introduction of the copy but argues that sufficient evidence was supplied later to cure this defect.

Under the rule set out in *Rachel v. Commonwealth,* Ky., 523 S.W.2d 395 (1975), we believe the proper inquiry should not be whether there was sufficient proof of the unavailability of the original check, but whether the document introduced into evidence was sufficiently proved to be a photocopy of that check. In *Rachel,* the Court was concerned with the admissibility of a thermofax copy of a confession. An officer testified that he had been present when the confession was made and that the copy, which was made from the original in his presence, was a true and exact copy of the original. The Court held that the copy had been properly admitted into evidence since a photocopy should be treated as a duplicate original in the absence of some showing that the copy was altered or otherwise not accurate. No explanation of the failure to produce the original was required.

In this case the evidence relating to the authentication of the photocopy was elicited by the prosecutor upon showing the copy to the clerk who had cashed the check and asking the clerk: "[h]ave you ever seen a check which that is a copy of before?" The clerk answered in the affirmative and stated that the check had been given to her by the appellant on or about May 3, 1975. She also stated that the check was in the amount of $30.00 and that it was drawn on the account of Sophia Stepp at the Farmers State Bank. The photocopy was of a check dated May 3, 1975, made payable to the appellant in the amount of $30.00, and drawn on the account of Sophia Stepp at the Farmers State Bank. Sophia Stepp was also shown the photocopy and asked if it

were an exact copy of the original check drawn on her account. It is unclear from the record whether her affirmative answer was to this or to an intervening question. She did testify, however, that the appellant told her that if she would drop the charges against him on the $30.00 check he would "never do it again."

There was no evidence as to who made the photocopy or when it was made. No evidence was introduced to show that the photocopy was not an authentic copy of the forged check. We believe that under the circumstances of this case it was not reversible error to admit the photocopy into evidence. The testimony of the clerk who took the check, identifying the photocopy as a copy of the check she took, together with her description of that check, sufficiently authenticated the photocopy. It would certainly be better practice to make some showing of how and by whom the copy was made. Under different circumstances failure to do so might well be deemed reversible error.

During the course of cross-examination, appellant was asked by the prosecution to write the name "Sophia Stepp" a number of times. This writing was then introduced into evidence over his objection. He complains that its introduction violates his rights under the fourth and fifth amendments to the United States Constitution, as well as KRS 422.120. In *Francis v. Commonwealth*, Ky., 468 S.W.2d 287 (1971), the Court considered these same arguments and resolved them contrary to appellant's position here. There is, further, no merit in appellant's argument that the handwriting sample given by him is of a communicative nature, thus falling within the protection of the fifth amendment. *United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). Only the physical characteristics of his handwriting were obtained, not the answers to questions. Even if this were not so, however, the appellant by taking the stand had waived his privilege not to answer questions which might incriminate him.

Appellant also insists that his conviction should be reversed because of improper and prejudicial remarks made by the prosecutor during closing argument. While conceding that no objection was made at trial to these remarks, appellant nonetheless asks that we consider this argument because, taken together, the remarks were so prejudicial as to result in a manifest injustice requiring a new trial. *Stone v. Commonwealth*, Ky., 456 S.W.2d 43 (1970). We have considered the remarks and the entire record and do not believe that this case comes within the purview of either *Stone*, RCr 9.26, or CR 61.02.

The judgment is affirmed.

ALL CONCUR.