RUBY KLINGINSMITH, RESPONDENT, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, APPELLANT.—64 S. W. (2d) 705.

Kansas City Court of Appeals. November 6, 1933.

*Clare Magee* and *V. C. Rose, Jr.,* for respondent.

*Cleary, Horn & Skutt, J. Hubert Fuller* and *George E. Woodruff* for appellant.

SHAIN, P. J.—This is an action brought by Ruby Klinginsmith, plaintiff, the widow of Iloe Klinginsmith, deceased, against Mutual Benefit Health and Accident Association, defendant, wherein the plaintiff seeks to recover for the death of her husband alleged as having met his death through purely external, violent and accidental means. It stands admitted that for value the defendant had issued a policy to Iloe Klinginsmith, deceased, and that plaintiff was the beneficiary therein and that the defendant contracted therein to pay the sum of two thousand dollars ($2,000) in event of death of said deceased, provided that death result through purely external, violent and accidental means except in the event of suicide while sane or insane. It stands admitted that the policy was in full force and effect at the time the plaintiff's husband met his death.

The defendant's answer to the plaintiff's petition is a general denial.

The record discloses that defendant based its defense on claim of the failure of plaintiff to prove that the plaintiff's husband met his death as a result of purely accidental means, and contention is presented by defendant that death was a result of suicide. It appears conceded that the deceased was sane at the time of his death.

All of the evidence discloses that deceased drove into his home in his automobile late at night, that he put his car in the garage, went into the house where he stayed but a short time, that he left his house, went through the gate into the back yard, that a shot of a

gun was heard and that his wife and members of the family hearing the report of the gun left the house and found plaintiff's husband lying in the back yard dead with a gunshot wound just below and a little in back of the right ear, and that a discharged small bore shot gun was lying in proximity to his feet. It stands admitted that the gunshot wound caused his death.

The evidence of the case is very conflicting as to the exact position the body was in when found and as to the exact position of the discharged shot gun, other than that the gun was down near the feet of the deceased. There was no eye-witness to the tragedy.

Trial was had by jury and the jury found the issues for the plaintiff in the sum of two thousand dollars ($2,000) and for $99.33 interest, totaling $2,099.33.

Penalty and punitive damages were asked but were denied by the verdict of the jury.

In accordance with the jury verdict, judgment was rendered for plaintiff and against defendant in the sum of $2,099.33. From this judgment defendant has duly prosecuted its appeal to this court.

The defendant's assignment of errors in its brief are as follows:

## "ASSIGNMENT OF ERRORS.

"1. The court erred in overruling defendant's demurrer to the evidence offered at the close of plaintiff's case and at the close of all the evidence in the case by refusing to give defendant's Instructions D-A and D-B, respectively.

"2. The court erred in admitting incompetent evidence, hearsay, and evidence calculated to prejudice the jury and having no bearing on the issues in the case.

"3. The court erred in permitting improper argument to the jury by counsel for defendant, in failing to sufficiently reprimand counsel therefor, and in failing to discharge the jury, on account of such argument."

As to the defendant's specification one (1), evidently instructions D-2 and D-3 are intended. In defendant's specification three (3), evidently "defendant" is used where plaintiff is intended.

As to the defendant's assignment of error as to the court's refusal to give peremptory instruction, we conclude that, as it is clearly shown that the death was violent, it is for the jury to determine from all the facts and circumstances in evidence as to whether or not the death was accidental. Further, when a death is shown to be by violence, it is generally held that there is a presumption that the infliction of the death causing injury, was accidental and not intentional. While there appears circumstances in evidence in this case from which inference might put the presumption to flight, still we conclude that the evidence in this case presents a case wherein it is proper to submit to the jury the issue as to accident and as to whether or not intentional. We therefore conclude that the court

was not in error in refusing the peremptory instructions offered. [Mayhew v. Travelers Protective Association of America, 52 S. W. (2d) 29.]

As to the refusal of defendant's Instructions D-2 and D-3 (erroneously referred to in appellant's brief as D-A and D-B), these instructions are precautionary instructions. The giving or refusing of such instructions lies largely in the discretion of the trial court. In this case the trial court appears to have fairly and properly instructed as to the issues involved and we do not conclude his action in refusing the instructions presents such an abuse of discretion as to constitute reversible error. [Turner v. Southwest Mo. Ry. Co., 128 Mo. App. 143; Meyers v. C. B. & Q. Ry. Co., 246 S. W. 257.]

The defendant presents that there was error in admission of incompetent hearsay and prejudicial evidence.

The record shows that in this case, as in many others, incompetent evidence was admitted. The record shows that in this case, as in many others, that much of the incompetent evidence was elicited by questions asked by opposite counsel.

While it appears that some of the alleged improper argument before the jury may have found its inception in this irrelevant testimony, still, we conclude that the evidence itself was not of such a prejudicial nature as to warrant a reversal alone on the admission of the same.

The defendant's assignment of error as to improper argument before the jury presents a serious phase. Appellate courts are not prone to reverse a case for improper remarks and arguments before a jury, unless flagrant as to error. This is so, for the reason, that such remarks often have been provoked by some improper conduct on the part of the opposite counsel. When there is a slight showing of such fact of provoking character, the appellate courts refuse to disturb the findings of juries.

The record of the case before us presents a flagrant abuse of the proper decorum in argument before the jury. Counsel for plaintiff is shown to have gone outside of the record and interjected inflammatory and improper remarks in the argument.

As to objections offered to some of these improper remarks, the court seems not to have ruled. As to others, objection was sustained but without reprimand. We do not deem it necessary to set forth all of the remarks and arguments objected to, but feel that it suffices to quote but one argument made by the plaintiff's counsel while addressing the jury to-wit:

"Gentlemen, in conclusion I am satisfied when you go to your juryroom you are going to weigh the evidence carefully and not be misled by misinterpretation of any trickery instructions on the part of the defendant."

There are other improper arguments shown in the record sufficient,

as we conclude, to justify a reversal and remanding of this case. The remarks quoted above, however, constitute such prejudicial error as to preclude citation of authority as to its prejudicial tendency being sufficient to cause a reversal and remanding of this case.

. In accordance with above conclusion, the cause is reversed and remanded. All concur.