James Oliver STONE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 12, 1970.

David Deep, King, Deep, Branaman & Hunt, Henderson, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, James Oliver Stone, was indicted by the Henderson County Grand Jury for having feloniously taken a payroll check from the Henderson City Garage. KRS 433.180. He was tried, found guilty and sentenced to two years in the penitentiary. He unsuccessfully moved for a new trial solely on the basis of the discovery of evidence which he contends could not have been discovered with reasonable diligence prior to the trial. On his appeal he asserts only that ground, but we reverse for a different reason.

Stone was an employee of the Henderson City Garage at the time a $131.04 payroll check, dated December 27, 1968, made payable to Roy Churchill disappeared. The evidence showed that Stone had been in the office using a telephone at the desk where the check was kept in an unlocked drawer.

A witness, Alvey Brogan, testified that the check was cashed at his place of business, the Old Kentucky Barbecue, in Evansville, Indiana on January 3, 1969, at 9:00 p. m. At a preliminary hearing in the Henderson Police Court at which Stone had no counsel, Brogan had testified that on the 2nd day of January, 1969, around 9:00 p. m. Stone cashed the check in his place of business. This transcript of evidence was not present on the jury trial and according to counsel for Stone was not known to exist until after the trial. He claims that the discrepancy in the dates used by Brogan would have impeached his testimony and that Stone was entitled to the benefit of that impeachment.

Stone took the position then and at the jury trial that he was not in Evansville on either January 2 or January 3. He ad-

mitted that on one occasion long before he had been in the Old Kentucky Barbecue and had talked to Brogan. We consider it unnecessary to review the authorities his counsel cites in support of his argument that he was entitled to a new trial because of the absence of the preliminary hearing record. We base our reversal on other grounds.

The endorsement on the check shows that it was deposited by Old Kentucky Barbecue in an Evansville bank. We discovered from the exhibit that the depository bank's stamp on the back of the check is dated January 2, 1969. We find no indication that this fact was called to the attention of the court below or to the jury. The endorsements also show that it reached the Federal Reserve Bank in Louisville on January 3, 1969, and was paid on January 4, 1969, by the Farmers Bank and Trust Company of Henderson, Kentucky. Obviously, neither Stone nor anyone else cashed that check in Evansville, Indiana, at 9:00 p. m. on either January 2, 1969 or January 3, 1969.

The testimony of Brogan was the only evidence showing or tending to show that Stone had possession of the check. The erroneous testimony of Brogan as to when Stone cashed the check, which is conclusively refuted by the information on the check, so seriously affects the credibility of Brogan's testimony that we feel the verdict should not stand.

 We stated that the sole ground for the motion for a new trial below and asserted here on this appeal was the discovery of new evidence. However, we said in Davis v. Com., 290 Ky. 745, 162 S.W.2d 778 (1942), that "An appellate court ought to be sensitive to the realities, and if it believes there may have been a miscarriage of justice it should use its extraordinary power and reverse a judgment that there may be a fuller development of the facts so that the guilt of the accused, if he is guilty, may be more certainly determined." RCr 9.26 states that "A conviction shall be set aside on motion in the trial court, or the judgment reversed on appeal, for any error or defect when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced." RCr 13.04 makes the civil rules applicable under certain circumstances. CR 61.02 states that "A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by the Court of Appeals on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." We choose to consider the discrepancy in the evidence, even though that point was not specifically raised or presented, and we have determined that a manifest injustice has here resulted which warrants a new trial. Cf. McClure v. Com., 81 Ky. 448, 5 K.L.R. 468 (1883).

The judgment is reversed for a new trial.

All concur.