Phillip CRAIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 26, 1972.

Rehearing Denied Oct. 6, 1972.

**840**

Henry E. Hughes, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Justice.

This appeal is from a judgment finding the appellant guilty of the statutory offense of "unlawful arrest and imprisonment" (KRS 435.150) and sentencing him to seven years in prison.

The statute provides a penalty for any person who unlawfully arrests or imprisons another. In common parlance, we think of arrest as the action of an officer of the law, and imprisonment as the placing of a person in a jail or lockup. However, the statute referred to above has been interpreted by text writers and the courts as embracing "any unlawful restraint of a person's liberties, whether in a place used for purposes of imprisonment generally, or in one used only for the particular occasion; or merely detaining him in any locality whatever." See 2 Biship, Crim.Law 1 ed., § 748.

We are told in Roberson's New Kentucky Criminal Law and Procedure, 2 ed., § 1053, that:

"There need be no manual touch or actual force in making an arrest, nor is any required in false imprisonment. If one is coerced to submit to detention by threats this is an imprisonment. Two things are necessary to constitute false imprisonment: 1. There must be a detention; and 2. The detention must be unlawful. Any restraint of liberty is a detention, and therefore an imprison-

ment. Thus, when a person is prevented by threats and fear from going in a particular direction on a public highway, and compelled either to stop, or to turn back, or even to take another direction, this is held to be an imprisonment."

The appellant has listed six questions which we will discuss in the order presented, like going to mill. Before doing so, we should point out that present counsel did not represent appellant on the trial level. We shall attempt to briefly state the facts of the case.

At about the hour of 4 a. m. on September 19, 1970, Sonja Christopher and her brother Blake, ages 18 and 16 respectively, were in a 1966-Mustang automobile in the vicinity of Versailles Road in Lexington, Kentucky. They were in the process of delivering newspapers. Blake observed a car following them. Sonja, who was driving, attempted to elude the car following them by speeding up and attempting to go around a little-used driveway. In so doing, she ran off the road onto the grass. Whereupon the appellant, Phillip Crain, and his companion, James Reynolds, alighted from their automobile and came up to the Mustang, one on each side. The evidence for the Commonwealth showed that Reynolds brandished a revolver and announced that they were from the sheriff's office and asked to see Sonja's driver's license. She produced the license after which Reynolds told the Christophers they were under arrest and instructed Blake to get in the car of Reynolds and Crain. Blake complied with this demand. Sonja was told by Reynolds that she might drive her car and follow him to the sheriff's office. She agreed. But after following them for a short distance, she drove into a restaurant and called the police.

After Crain and Reynolds drove around in the vicinity of Good Samaritan Hospital with Blake in the car, Reynolds made some disposition of the revolver. After a short period, Blake was allowed to go free. He started in the direction of downtown when he managed to hail a passing police vehicle and reported the occurrence to them.

■ Appellant's first argument is that the trial judge erred in allowing the prosecution to ask the defendant on cross-examination if he had been convicted of a felony. We find no merit in this argument for two reasons, (1) the defense opened the subject by asking the identical question on direct examination, and (2) no objection was made to this question. See Arnold v. Commonwealth, Ky., 433 S.W.2d 355 (1968).

■ Appellant next argues that some part of the closing argument of the commonwealth's attorney was prejudicial. It will not be necessary to quote the argument to which objection is made because here again the appellant made no objection to the claimed prejudicial argument.

■ Appellant's third argument complains of the introduction by the commonwealth's attorney of letters written by appellant Crain to the commonwealth's attorney while Crain was in jail pending trial. He argues that these letters were not freely and voluntarily written by him. Obviously the letters were written freely and voluntarily by the appellant at a time when there was no coercion or interrogation of him. We cannot hold as a matter of law that the mere fact the defendant was confined to prison constituted coercion or that it would otherwise influence the right of an individual to freely and voluntarily write whatever he might want to write. Furthermore, these letters were written over a month after the alleged crime while he was in the La Grange Reformatory as a parole violator.

The letters contained statements contradictory to the testimony appellant gave on the trial. We find they were freely and voluntarily written and were competent. See Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

**842**

The appellant next contends the trial court erred in not directing a verdict of acquittal in his favor on grounds that the evidence was insufficient to justify a conviction. There was no motion for a directed verdict in Crain's behalf at the close of the Commonwealth's case, nor at the close of all the evidence; consequently, this question was not properly preserved for appellate review. Minor v. Commonwealth, Ky., 478 S.W.2d 716 (rendered December 3, 1971).

Next appellant charges error was committed when the trial court failed to give an instruction on aiding and abetting another to commit the crime charged. Again there was no objection to the court's failure to so instruct the jury. Nor was the question mentioned in appellant's motion and grounds for a new trial. We will not ordinarily review questions that are not presented first to the trial court. Baker v. Commonwealth, Ky., 465 S.W.2d 305 (1971); Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964). In addition to what we have just written, it may also be noted that KRS 435.150 specifically provides for the same penalty for one who aids and abets another in the commission of the crime denounced therein. It makes no difference that one of two participants in a crime took a more active part in its perpetration than the other.

Appellant's final argument relates to one of the instructions which he contends contained misleading statements concerning the law in the case. The objectionable instruction permitted the jury to find the appellant and his codefendant guilty if they did "unlawfully and feloniously arrest and imprison Blake Christopher and Sonja Christopher, or either of them, against their will * * *." Appellant argues that inasmuch as Sonja was not detained, the instruction was improper in naming Sonja as one of the victims. There was sufficient evidence of a detention of Sonja. Appellant's brief is frank

to admit a detention but argues that it was "for only a matter of minutes."

To conclude, we find no merit in any of the arguments presented, and, therefore, affirm the judgment.

All concur.