James L. KIMBROUGH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Rehearing Denied June 10, 1977.

Nicholas W. Carlin, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

This appeal arises from an attempted robbery of a Shell service station in Louisville by appellant, James L. Kimbrough, and an accomplice, Roger Lee Bailey, during the late evening hours of November 9, 1974. Appellant and Bailey, wearing nylon-stocking masks, trained a shotgun on Joe McCain while ordering his friend, Joe Suttle, to obtain money from the gas station attendant, threatening harm to McCain should Suttle fail. Suttle attempted to comply with their demands, but the attendant refused to cooperate. Returning to where the two were holding his friend, Suttle advised them he could not get the money; whereupon the two would-be robbers disappointedly drove away from the station, providing their former hostages an opportunity to record the getaway vehicle's license number on the service station wall. A description of the automobile and its license number were given to the police, resulting in the arrest of appellant and Bailey shortly thereafter that same night. A search of the car incident to the arrest produced a loaded shotgun and two nylon stockings.

Appellant was subsequently indicted by the Jefferson County grand jury and charged with one count of armed assault with intent to rob, in violation of former KRS 433.150, and as a habitual criminal within the meaning of former KRS 431.190. He and Bailey were jointly tried in the Jefferson Circuit Court, Criminal Branch, First Division, on March 8 and 9, 1976. Although appellant presented testimony at trial to support his contention that he did not participate in the attempted robbery, but had spent the evening drinking and gambling at various taverns, and attempted to explain the presence of the shotgun in the trunk of his vehicle as necessary for his protection in his job as a security guard at Shawnee High School, the jury found him guilty on both counts of the indictment, sentencing him to life imprisonment on each. Kimbrough now brings this appeal, presenting seven assignments of error.

Appellant first complains the trial court erred in denying his motion for a bifurcated trial, one segment of which would have been the trial on the principal charge and the other directed to his status as a habitual criminal. Although a bifurcated trial is provided for under the applicable section of the present penal code, KRS 532.080, this section does not apply to offenses committed prior to January 1, 1975, which offenses must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if the present code had never been enacted. KRS 500.040(1). Since the principal offense of

armed assault with intent to rob, on which the indictment as a habitual criminal was based, was committed on November 9, 1974, we feel the trial court properly applied the provisions of former KRS 431.190, and so was not required to afford appellant a bifurcated trial.

Appellant also insists the trial court erred in permitting the arresting officer to remain in the courtroom prior to his testimony and after a motion for separation of all witnesses pursuant to RCr 9.48 had been made. It is beyond question that the matter of which witnesses will be excluded under this rule from hearing others testify before them lies within the sound discretion of the trial court. *Webster v. Commonwealth*, Ky., 508 S.W.2d 33 (1974). The record before us does not indicate this discretion to have been abused, nor has it been shown how if so the appellant was prejudiced by the policeman's presence at trial prior to his testimony. We therefore must conclude no ground for reversal exists on this point.

The third assignment of error concerns the trial court's denial of appellant's motion for a continuance. Appellant claims this motion should have been granted so as to avoid trying the case before a jury which possibly had been prejudiced by pretrial statements attributed to a judge of the Jefferson Circuit Court and to a member of the staff of the Jefferson County Commonwealth's Attorney appearing in articles carried by the Louisville Courier-Journal and The Louisville Times on March 5, 1976, to the effect that leniency had unjustifiedly been shown criminal defendants in Jefferson County. He further argues the jurors could also have been prejudiced by statements of similar import made by the same judge at the conclusion of a prior criminal proceeding. In order to determine if any such prejudice had resulted from these occurrences, the trial judge afforded the attorneys for the defendants and the Commonwealth the opportunity to conduct an extensive voir dire examination of prospective jurors, allowing the defendants sixteen peremptory challenges and six challenges for cause, but denied appellant's request for in-chambers examinations of individual prospective jurors. The record does not show any objection being made to the manner of selecting the panel used by the court, and at the conclusion of the questioning, during which the defendants exercised thirteen of their allotted challenges, the jury was accepted by both the defendants and the Commonwealth. In our opinion the steps taken by the trial judge were sufficient to insure to the defendants a trial by an impartial jury, so that any continuance of the case to a later date was rendered unnecessary. We further feel that by accepting the jury without objecting to the manner in which it was chosen, the appellant has waived the right to complain to this court as to the procedure used.

Appellant's fourth argument is that the trial court erred in permitting a deputy circuit court clerk to read to the jury the entire entries from the court's order books concerning prior felony convictions of appellant relevant to his status as a habitual criminal, arguing to do so allowed the jury to hear prejudicial evidence concerning the amendment and reduction of these prior criminal charges. The clerk's testimony, it is argued, should have been restricted to a reading of the offense charged and the date of conviction. We have reviewed the testimony in question and are unable to perceive how the information thereby conveyed to the jury was in the most remote degree prejudicial to the appellant. The entry read concerning the first prior offense merely indicated that on June 13, 1963, Kimbrough had withdrawn an earlier plea of not guilty and had pleaded guilty to a charge of robbery, receiving a sentence of five years' imprisonment. The entry concerning the second was even more succinct, simply indicating Kimbrough was found guilty, following a jury trial, of armed robbery, for which he was sentenced to ten years' imprisonment on April 7, 1971. Any contention that this information was prejudicial is, in our opinion, more fallacious than plausible, and we therefore conclude there to be no reversible error in this aspect of the case.

 Appellant's fifth and sixth arguments concern the instructions given the jury. He first contends the jury failed to follow the instructions given it when it found him guilty under the habitual criminal instruction, Instruction No. 4, because that instruction referred to his first prior felony conviction as a conviction of armed robbery when the testimony of the deputy circuit court clerk showed it to have been of simple robbery. In light of this, the argument goes, the jury could not find appellant to be a habitual criminal because it could not under the evidence find him to have been previously convicted of armed robbery as the instructions required. As we view this matter, however, in order to find appellant to be a habitual criminal, the jury was merely required to find him to have been convicted of felonies on two separate prior occasions in addition to finding him guilty of the principal offense charged herein. Since both armed robbery and simple robbery are felonies, a finding by the jury of a conviction of either, in addition to a finding of guilt on the principal offense, permitted its finding him to be a habitual criminal. We thus find no prejudicial error to result from the defect in this instruction. A similar complaint is made in regard to Instruction No. 1, which refers to an armed assault on Joe McCain for the purpose of robbing him, rather than the service station. Kimbrough alleges that since there was never any proof of an attempt to rob McCain, the jury could not on the evidence find appellant guilty under this instruction. Although the instruction is technically incorrect as drawn, it does recognize the assault of McCain with a shotgun for the purpose of furthering a robbery, and in our opinion was not so defective as to require reversal of appellant's conviction. We therefore also hold this error to be harmless.

 Appellant's final assertion of error is that the trial court erred in denying his motion for a directed verdict of acquittal on the habitual criminal charge because the Commonwealth did not produce any direct proof that the prior felonies were committed in sequential order. We have reviewed the record on this issue and conclude that because appellant failed to move for a directed verdict at the close of all the evidence, instead making this motion only at the close of the Commonwealth's case, this error has not been preserved for review. A motion for a directed verdict made at the close of the plaintiff's (here the Commonwealth's) case is not sufficient to preserve error unless renewed at the close of all the evidence, because once the defense has come forward with its proof, the propriety of a directed verdict can only be tested in terms of *all* the evidence. If there has been no motion for a directed verdict at the close of all the evidence, it cannot be said that the trial judge has ever been given an opportunity to pass on the sufficiency of the evidence as it stood when finally submitted to the jury. In effect, therefore, a motion for directed verdict made only at the close of one party's evidence loses any significance once it is denied and the other party, by producing further evidence, chooses not to stand on it.

 We must further note here, however, that even if appellant's motion for a directed verdict of acquittal on the habitual criminal charge had been made at the conclusion of all the evidence in this case, it would not have been the proper method of challenging the sufficiency of the evidence on that issue. When the evidence is insufficient to sustain the burden of proof on one or more, *but less than all,* of the issues presented by the case, the correct procedure is to object to the giving of instructions on those particular issues. See *Columbia Gas of Kentucky, Inc. v. Maynard,* Ky., 532 S.W.2d 3, 7 (1976), which, though a civil case, applies in principle to criminal cases as well. The appropriate procedure here would thus have been for appellant, at the close of the evidence and before the instructions were given, to apprise the trial court that he objected to the giving of an instruction or instructions based on the previous convictions for the reason that they had not been sufficiently proven.

The judgment of conviction is affirmed.

All concur.