Paul Lee BUTLER, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Jan. 10, 1978.

Rehearing Denied Feb. 21, 1978.

John Tim McCall, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

On a jury trial, Paul Lee Butler was found guilty of the murder of John F. Smith. In conformity with the jury's verdict, the trial court sentenced Butler to confinement in the state penitentiary for a term of 20 years. From that judgment Butler prosecutes this appeal.

The events that precipitated this homicide center around a dispute over a $7.00 debt allegedly owed by Butler to Smith. Smith and his nephew, Mallory, accosted Butler in a pool room. They discussed the debt. At Smith's request, he, Butler and Mallory left the pool hall where the discussion led to physical assault.

At trial, two versions of the homicide were presented. Butler testified that Smith struck him twice and kicked him. Thereupon, Butler, pursued by Smith, went to his truck, obtained his knife and hit Smith a couple of times with the knife, allegedly in self-defense.

On the other hand, Mallory testified that Butler grabbed Smith, whereupon Mallory hit Butler. Butler then crossed the street, went to his truck, obtained a knife, returned to Smith who was sitting in his own car, opened the door and stabbed Smith twice. From the wounds inflicted by Butler, Smith died.

At trial Butler stipulated that he stabbed Smith and he died as a result of the wounds. On cross-examination Butler admitted that the actual stabbing occurred across the street from his truck. He said: "I did come back across the street, that's right."

Butler tendered instructions on wanton killing and reckless homicide. These were properly refused by the trial court, who instructed on murder, manslaughter first degree, self-defense and definitions of terms.

Butler moved for a directed verdict at the close of the Commonwealth's case. He did not renew his motion at the close of all the evidence.

 Butler's first contention of error is that the trial court should have excluded a photograph of Smith because it was not taken at the scene of the stabbing and that the photograph is gruesome. This court rejects Butler's argument. A photograph that is otherwise admissible does not become inadmissible because it is gruesome and the crime is heinous. *Brown v. Commonwealth*, Ky., 558 S.W.2d 599 (decided November 18, 1977).

Butler next contends the trial court erred in allowing the Commonwealth's Attorney to impeach his credibility as a witness with a felony conviction ten years prior to his trial.

In *Martin v. Commonwealth*, Ky., 507 S.W.2d 485 (1974), this court permitted impeachment by prior felonies which occurred in 1961 when the trial was held in 1972. See *Bogie v. Commonwealth*, Ky., 467 S.W.2d 767 (1971). These cases are dispositive of the issue of remoteness of the prior felony.

Butler's third argument that the trial court should have sustained his motion for a directed verdict is a "will-o'-the-wisp." There is ample proof upon which the jury could and did conclude that Butler's action in stabbing Smith was premeditated. The jury could and did properly conclude from the evidence that Butler went to his truck, obtained the knife, returned to Smith's car and fatally stabbed him. Although Butler moved for a directed verdict at the close of the Commonwealth's case, he did not renew that motion at the close of all the evidence, and thus has waived the right to assert that issue on appeal. *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (1977).

Butler next contends that a mistrial should have been granted because Mrs. Mallory's testimony that when she was told by her son that Smith had been stabbed, she replied that she knew who did it. She was allowed to proceed no further. The statement was not prejudicial because Butler admitted stabbing Smith.

There is no merit in Butler's argument that the trial court should have instructed the jury on manslaughter in the second degree and reckless homicide. There was no evidence that warranted such instructions. It is elementary that "instructions in a criminal prosecution must have a source within the framework of the evidence produced on trial." *Pilon v. Commonwealth*, Ky., 544 S.W.2d 228 (1977).

This court has reviewed the entire record, and is of the opinion that Butler had a fair and impartial trial. He should be content that he received the minimum sentence for the offense of murder.

The judgment is affirmed.

All concur.