COMMONWEALTH of Kentucky,
Movant,

v.

Jerome BLAIR, Richard Carpenter, and
Stephen Borders, Respondents.

Supreme Court of Kentucky.

Nov. 20, 1979.

Rehearing Denied Feb. 12, 1980.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for movant.

John Tim McCall, Louisville, for respondent Blair.

Frank E. Haddad, Jr., Louisville, for respondent Carpenter.

Robert E. Fleming, Louisville, for respondent Borders.

CLAYTON, Justice.

Over three years ago, respondents Blair, Carpenter and Borders, Louisville police officers at the time, were convicted of two counts of wanton endangerment and two counts of third-degree criminal mischief and sentenced to one year's imprisonment. The Court of Appeals reversed the convictions, holding that the evidence admitted at trial was insufficient to support the jury's verdict. This court granted the Commonwealth's petition for discretionary review and in an opinion issued last June, affirmed the decision of the Court of Appeals as to respondents Carpenter and Borders but reversed that court's decision with respect to respondent Blair.

Petitions for rehearing were submitted by both sides and after careful consideration we now find it necessary to completely reverse the decision of the Court of Appeals and to uphold the judgments of the Jefferson Circuit Court.

We rely substantially on two recent cases, *Kimbrough v. Commonwealth,* Ky., 550 S.W.2d 525 (1977) and *Rudolph v. Commonwealth,* Ky., 564 S.W.2d 1, *cert. denied,* 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). The procedural rule, as clarified in *Kimbrough,* is that in order for the issue of the sufficiency of the evidence to be preserved for appellate review, the party wishing to use the insufficiency as a basis for his appeal must have moved for a directed verdict at the close of all the evidence, not just at the close of the Commonwealth's case in chief. The rationale behind this rule being that: "If there has been no motion for a directed verdict at the close of all the evidence, it cannot be said that the trial judge has ever been given an opportunity to pass on the sufficiency of the evidence as it stood when finally submitted to the jury." *Kimbrough,* 550 S.W.2d at 529. Furthermore, "[w]e have held consistently that insufficiency of the evidence to support a verdict must be timely raised in the trial court—ordinarily by a motion for a directed verdict . . . in order for the question to be reviewable on appeal." *Rudolph,* 564 S.W.2d at 4. *See e. g., Long v. Commonwealth,* Ky., 559 S.W.2d 482 (1977) and *Butler v. Commonwealth,* Ky., 560 S.W.2d 814 (1977).

Since respondents failed to move for a directed verdict at the close of all the evidence, the *Kimbrough* rule must be applied as we perceive no reason to retract from this position. We must remain firm in our adherence to specified procedure because "an appellate hearing is conditioned upon compliance with essential rules, without which this Court could not effectively conduct its business. It is our duty to enforce those rules as a part of the judicial process . . . ." *United Mine Workers of America v. Morris,* Ky., 307 S.W.2d 763, 766 (1957). Judicial consistency must be observed in order to maintain a responsible and efficient court system.

The opinion of the Court of Appeals is reversed, and the judgments of conviction for all three respondents are affirmed.

All concur.