Richard CARPENTER, Stephen Borders,
Petitioners-Appellees (81–5179),

Jerome C. Blair, Petitioner-Appellee
(81–5516),

v.

Charles M. LEIBSON, Respondent-Appel-
lant (81–5179 & 81–5516).

Nos. 81–5179, 81–5516.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 14, 1981.

Decided July 23, 1982.

Steven L. Beshear, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

Frank E. Haddad, Jr., Louisville, Ky., for Richard Carpenter.

Robert E. Fleming, Louisville, Ky., for Stephen Borders.

John Tim McCall, Martha A. Lawfer, Louisville, Ky., for Jerome C. Blair.

Before WEICK,* Senior Circuit Judge, KENNEDY, Circuit Judge and PHILLIPS, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

Respondent, Charles M. Leibson, appeals from the judgments by United States District Judge Allen (in the case of Carpenter and Borders) and United States District Judge Ballantine (in the case of Blair), both of the Western District of Kentucky, granting Petitioners' separate applications for writs of habeas corpus under 28 U.S.C. section 2254. For these reasons hereinafter stated, we affirm.

I

Petitioners-Appellees were all members of the Louisville Police Department. In 1976 they were convicted by a jury in the Jefferson Circuit Court at Louisville, Kentucky, of two counts of wanton endangerment in the first degree and two counts of criminal mischief in the third degree, and sentenced to one year in the penitentiary. The convictions were for incidents which occurred on the night of March 30–31, 1976, in which shotgun and rifle shots were fired into various stores, bars, and automobiles.

Respondent Leibson was the trial judge in the case. He is the respondent because

* Judge Weick became a Senior Circuit Judge at     the close of business on December 31, 1981.

Petitioners Carpenter and Borders have not yet served their sentences, being on bond pending their state court appeals and these habeas proceedings; Petitioner Blair has served his sentence but is on probation under Respondent's supervision.

During their trial, their counsel moved for a directed verdict of acquittal on the grounds of insufficiency of the evidence at the close of the Commonwealth's case, but did not formally renew the motion at the close of all the evidence.

In an opinion dated February 19, 1978, the Court of Appeals of Kentucky reversed the convictions and ordered a new trial because of insufficient evidence to support the convictions. The Commonwealth petitioned for rehearing and on June 30, 1978, the Court of Appeals withdrew its original opinion and reissued it. This time the court reversed the convictions outright because of a total lack of evidence.

Chief Judge Boyce Martin, now of this court, filed a concurring opinion. He noted that the Commonwealth had raised for the first time on the petition for rehearing the question of the timing of the defendants' motion for directed verdict. In two cases decided after the defendants' trial—*Kimbrough v. Commonwealth,* 550 S.W.2d 525 (Ky.1977) and *Long v. Commonwealth,* 559 S.W.2d 482 (Ky.1977)—the Kentucky Supreme Court had laid down a new rule that the question of sufficiency of the evidence would not be preserved for appellate review unless the defendant had moved for a directed verdict at the close of *all* the evidence, not just at the close of the Commonwealth's case in chief. Chief Judge Martin stated:

> Furthermore, *Kimbrough* represents a clear departure from prior law in this Commonwealth. Previously, a question of sufficiency of evidence could have been preserved either by a motion for directed verdict at the close of the Commonwealth's case, or at the close of all the evidence, or even in a motion for a new trial. *See Crain v. Commonwealth,* Ky., 484 S.W.2d 839, 842 (1972); Civil Rule 61.02, made applicable to criminal cases

pursuant to Criminal Rule 13.04; *Stone v. Commonwealth,* Ky., 456 S.W.2d 43, 44 (1970).

The Commonwealth argued that since the defendants had not moved for a directed verdict at the close of all the evidence, they were foreclosed from raising the issue of sufficiency of the evidence on appeal.

Chief Judge Martin stated that those cases were not meant to be applied retroactively because they represented a clear departure from prior Kentucky law, in which a motion at the close of the state's evidence was sufficient. He held that "it would be fundamentally unfair to apply this newly created preservation of error rule to the facts and circumstances of this case" because the appellants could not have had notice of the change. Since the procedural change would significantly affect the appellants' substantial rights, applying the change retroactively would make it operate in the same manner as an *ex post facto* law, and would thus violate due process.

The Commonwealth appealed to the Supreme Court of Kentucky. On June 12, 1979, the Supreme Court of Kentucky issued an opinion affirming the Court of Appeals as to Petitioners Carpenter and Borders, but reversing as to Petitioner Blair. The court stated specifically that the evidence against Carpenter and Borders was insufficient. As to Blair, the court stated there was some relevant evidence but did not rule on its sufficiency.

The Kentucky Supreme Court granted the Commonwealth's petition for rehearing and on November 20, 1979, it vacated its first opinion and issued a new one. This time it reversed the Court of Appeals as to all three petitioners, thereby reinstating the convictions of all three. It did so solely on the basis that, under the new rule of *Kimbrough v. Commonwealth, supra,* the appellants' motions for directed verdict were not timely. *Commonwealth v. Blair,* 592 S.W.2d 132 (Ky.1979).

The posture of the sufficiency of the evidence question in the Kentucky Supreme Court therefore was that, in the first opinion which was later vacated, the court

found insufficient evidence to support the convictions of Carpenter and Borders and some relevant evidence as to Blair; and in the second, final opinion it refused to consider the question of sufficiency of the evidence as to any of them because no formal motions for directed verdict were made at the close of all of the evidence.

In its opinion, the Supreme Court of Kentucky stated:

We rely substantially on two recent cases, *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (1977) and *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1, *cert. denied*, 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). The procedural rule, as clarified in *Kimbrough*, is that in order for the issue of the sufficiency of the evidence to be preserved for appellate review, the party wishing to use the insufficiency as a basis for his appeal must have moved for a directed verdict at the close of all the evidence, not just at the close of the Commonwealth's case in chief. The rationale behind this rule being that: "If there has been no motion for a directed verdict at the close of all the evidence, *it cannot be said that the trial judge has ever been given an opportunity to pass on the sufficiency of the evidence as it stood when finally submitted to the jury*." *Kimbrough*, 550 S.W.2d at 529. Furthermore, "[w]e have held consistently that insufficiency of the evidence to support a verdict must be timely raised in the trial court—ordinarily by a motion for a directed verdict . . . in order for the question to be reviewable on appeal." *Rudolph*, 564 S.W.2d at 4. *See e.g., Long v. Commonwealth*, 559 S.W.2d 482 (1977) and *Butler v. Commonwealth*, Ky., 560 S.W.2d 814 (1977).

Since respondents failed to move for a directed verdict at the close of all the evidence, the *Kimbrough* rule must be applied as we perceive no reason to retract from this position. We must remain firm in our adherence to specified procedure because "an appellate hearing is conditioned upon compliance with essential rules, without which this court could not effectively conduct its business.

It is our duty to enforce those rules as a part of the judicial process . . . ." *United Mine Workers of America v. Morris*, Ky., 307 S.W.2d 763, 766 (Ky.1957). Judicial consistency must be observed in order to maintain a responsible and efficient court system.

The opinion of the Court of Appeals is reversed, and the judgments of conviction for all three respondents are affirmed. [*Id.* 592 S.W.2d at 133; emphasis added.]

Certiorari was subsequently denied by the Supreme Court of the United States. *Blair v. Kentucky*, 449 U.S. 962, 101 S.Ct. 377, 66 L.Ed.2d 230 (1980). Justices Marshall and Brennan filed a dissent to the denial of certiorari, in which they analyzed the matter in much the same way that Chief Judge Martin had in the state court of appeals.

II

Petitioners Carpenter and Borders filed a petition for a writ of habeas corpus in the District Court for the Western District of Kentucky on December 8, 1980. On February 10, 1981, Chief Judge Allen granted the writ. He held that the retroactive application of the new procedural rule by the Kentucky Supreme Court was a denial of due process and, since both the Kentucky Court of Appeals and the Kentucky Supreme Court had found the evidence against them to be insufficient, the convictions should be set aside and the indictments dismissed.

Petitioner Blair filed his petition in the same District Court on March 9, 1981. On June 10, 1981, Judge Ballantine granted it. He found that Petitioner could not fairly be charged with anticipating the new rule of law, and that therefore consideration of the petition would not be barred by his untimely motion for directed verdict in the state court. He then went on to grant the petition on the basis that there was insufficient evidence against him.

Respondents' appeals from both judgments have been consolidated for oral argument.

### III

The only issue in these appeals is whether the defendants in the trial court adequately raised the issue of the sufficiency of the evidence, so as to require the Supreme Court of Kentucky to rule on the issue which it avoided doing.

During the hearing on the motions for a new trial filed in the Jefferson Circuit Court, Mr. Fleming, counsel for Borders, said the following:

Thank you, Your Honor. The next question that I'd like to address myself, Your Honor, was the failure of the Court to grant a directed verdict at the conclusion of the case for the prosecution, *and conclusion of the case for the defense*, insofar as the evidence pertained to the defendant, Borders." [App. 217–218; emphasis added.]

Mr. Fleming then made a lengthy argument as to why a verdict should have been directed also calling attention to his brief.

For those reasons, Your Honor, I submit to you that the motion for directed verdict should have been granted at the conclusion of the evidence for the Commonwealth. There was nothing developed in the course of the presentation of the evidence for the defense that in any way bolstered that absence of evidence in direct proof. [App. 211.]

District Judge Allen, in his Memorandum Opinion, expressly found "there is no contention made in the case at bar that evidence introduced in behalf of petitioners added any substance to the evidence produced by the Commonwealth." (App. 32–33). District Judge Ballantine made a similar statement in his opinion. (App. 191). Since it was not even contended that the evidence offered by the defendants after the denial of their motions for a directed verdict supported the Commonwealth's case, the state had no legitimate interest in requiring a renewal of the motion for a directed verdict.

Substantially the same arguments were made by counsel for the remaining defendants Carpenter and Blair. Then the prosecution presented its review of the evidence.

The trial judge responded to the arguments as follows.

And so I think that on the basis of what could be inferred from the vast testimony, and the inferences from all the various witnesses, that there was sufficient evidence to submit to the jury. I thought so at the time and I think so now.... I feel that there was certainly sufficient evidence to submit to the jury or I would not have done so, and I am still of the same opinion. Gentlemen, I'm going to overrule the motion for a new trial. [App. 226]

None of this was called to the attention of the Supreme Court of Kentucky. Thus, it appears that the trial court did actually consider and rule on the sufficiency of the evidence not only when the motion for a directed verdict was made at the close of the Commonwealth's evidence, but also at the close of all the evidence before the case was submitted to the jury, even though no formal motion for a directed verdict was renewed. The trial court did not mention any failure to renew the motion. The court said it considered *all* the testimony and witnesses before it submitted the case to the jury. As the trial court indicated that it considered all the evidence, including that presented by the defense, certainly the sufficiency of the evidence was preserved for appeal; the trial court had opportunity to consider it all and it did so. There can be no question but that the trial court had the right to control the proceedings when ruling on the motion for a new trial. Thus, the ruling of the Supreme Court of Kentucky that the trial court should be afforded the opportunity to rule on the sufficiency of the evidence was actually complied with fully in the present case. There is no rational basis now for the Supreme Court of Kentucky to technically and mechanically apply any procedural rule, new or not, when in truth and in fact it was not applicable, as the uncontroverted record shows that the trial court actually considered and ruled on the sufficiency of the evidence. We should look to substance rather than to mere form. It is also not at all clear to us that the

Supreme Court of Kentucky in *Kimbrough* actually changed the preexisting rule, the court stating that it was merely clarifying the rule.

There is really no need to determine whether the Supreme Court of Kentucky properly applied a new rule or not in *Kimbrough,* as the Supreme Court nevertheless should have ruled on the sufficiency of the evidence under the facts and circumstances existing in the present case.

In sum, the federal courts should accept the detailed findings of fact contained in the opinion of the Court of Appeals of Kentucky, which reversed the convictions of all of the defendants on the ground that the Commonwealth had failed to prove beyond a reasonable doubt that the defendants had committed the offense with which they were charged. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The Supreme Court of Kentucky affirmed the Court of Appeals as to the defendants Carpenter and Borders holding that the evidence against them was insufficient. As to Blair, the Supreme Court of Kentucky reversed the Court of Appeals stating there was some relevant evidence, without holding that such relevant evidence was sufficient. It will be recalled that there was no evidence that Blair was even at the scene at the time of the shooting let alone participated in it. Even mere presence is insufficient to support a conviction. On reconsideration, the Supreme Court of Kentucky then withdrew its decisions in all of the cases, holding only that the sufficiency of evidence would not be considered because no timely motions for a directed verdict had been made at the close of all the evidence. Thus the Supreme Court of Kentucky declined to rule on the all important constitutional issue of whether the convictions were supported by evidence of guilt beyond a reasonable doubt.

The district courts relied in part on this Court's decision in *Isaac v. Engle,* 646 F.2d 1129 (6th Cir. 1980), which has since been reversed by the United States Supreme Court, *Engle v. Isaac,* —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). In our

opinion, the decision in *Isaac* is not relevant to the issues in the present case as the facts and circumstances in the cases are different.

The judgment of the District Court in each case is affirmed.

KENNEDY, Circuit Judge, concurring in part and dissenting in part.

While I agree with the majority that the only issue on appeal is whether the petitioners have adequately preserved the question of the sufficiency of the evidence to permit habeas corpus review, and while I agree with the result as to two of the three petitioners (Carpenter and Borders), I cannot agree with the way the majority reaches that result. The majority opinion would reject the procedural requirements of *Kimbrough v. Commonwealth,* 550 S.W.2d 525 (Ky.1977) because in the present case "the state had no legitimate interest in requiring a renewal of the motion for a directed verdict." *Ante* at 172. Since the purpose of the *Kimbrough* rule was satisfied here, that is, the trial court was in fact given the opportunity to rule on the sufficiency of all the evidence at the close of the trial through the vehicle of a motion for a new trial, the majority concludes that there can be no reason for the state to rely on its procedures to bar substantive review of the petitioners' convictions. I do not feel comfortable, however, instructing the state court on when to apply and when not to apply its procedural rules. The Supreme Court of Kentucky is the proper body to make such a determination and not a federal court sitting in habeas review. The Supreme Court of Kentucky has refused to follow the avenue advocated by the majority in the present case.

Instead, I would hold that due process prohibits the Supreme Court of Kentucky from retroactively applying what is clearly a new procedural requirement first developed in *Kimbrough* some several months after the petitioners were tried and convicted, and thereby cut off substantive review of their convictions. To do otherwise would be a gross miscarriage of justice where

every court which has examined the evidence has found it insufficient to permit the conviction of Carpenter and Borders to stand. Carpenter, Borders and Blair followed Kentucky's procedural requirements as they existed on the date of their trial; no more can be expected of them. They thus adequately preserved for state appellate review the question of sufficiency of the evidence. We are not therefore foreclosed by Kentucky's new procedural rule from reviewing the evidence in an independent determination of its legal sufficiency under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## I. KIMBROUGH AS NEW LAW

As the majority opinion correctly notes, the petitioners moved for a directed verdict of acquittal at the close of the government's case-in-chief citing a lack of evidence to support a conviction. While they failed to renew this motion at the close of all the evidence, they did petition the trial court for a new trial after the verdict was rendered. Under Kentucky law prior to *Kimbrough* this was adequate to preserve for appellate review the question of the sufficiency of the evidence. *Kimbrough* was decided after the petitioners' trial was completed. The state cannot, consistent with due process safeguards, retroactively apply new procedural rules to bar existing substantive deficiencies in the state's proof.

Inexplicably, the Supreme Court of Kentucky, in its *final decision in this case* stated:

We rely substantially on two recent cases, *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (1977) and *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1, *cert. denied*, 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978). The procedural rule, *as clarified* in *Kimbrough*, is that in order for the issue of the sufficiency of the evidence to be preserved for appellate review, the party wishing to use the insufficiency as a basis for his appeal must have moved for a directed verdict at the close of all the evidence, not just at the close of the Commonwealth's case in chief.

*Commonwealth v. Blair*, 592 S.W.2d 132, 133, (Ky.1979), *cert. denied*, 449 U.S. 962, 101 S.Ct. 377, 66 L.Ed.2d 230 (1980) (emphasis supplied). Neither in *Kimbrough* nor in *Blair* did the court cite any case which supported its statement that the *Kimbrough* rule was a mere clarification of, and not a radical deviation from, prior practice. There certainly was no basis in either statute or court rule for deciding that the procedure had been well-settled prior to *Kimbrough*. The Kentucky courts have not cited and the appellant has not pointed to any case in which such a rule was either stated or applied. How the *Kimbrough* decision merely "clarified" existing law escapes detection. In fact, the case law from Kentucky, even that cited by the state in this Court, supports the interpretation that *Kimbrough was* new law, not a reiteration of existing practice.

In *DeLong v. Commonwealth*, 225 Ky. 461, 9 S.W.2d 136 (1928), defendants sought to reverse their convictions for burglary. At the close of the government's case the defendants' motion for peremptory instruction was overruled which, the court implies, would have been erroneous had the defendants not presented proof of their own guilt. The defendants, therefore, could not "complain now because the court failed to direct their acquittal at the close of the commonwealth's evidence." *Id.* at 463, 9 S.W.2d 136. The court implicitly recognized that the issue of the sufficiency of the evidence was preserved once a motion is made for acquittal at the close of the government's case. *See also Lyon v. Prater*, 351 S.W.2d 173 (Ky.1961) (right to rely on motion for directed verdict at close of plaintiff's case based on insufficiency of evidence waived when defendant's evidence cured omissions in plaintiff's case, again implicitly recognizing that review of evidence would be appropriate had the gaps not been filled in); *Harvey v. Commonwealth*, 423 S.W.2d 535, 537 (Ky.1967) (same).

More recently, in *Crain v. Commonwealth*, 484 S.W.2d 839, 842 (Ky.1972), the

appellant alleged, *inter alia*, that the trial court had erred in not directing a verdict of acquittal since the evidence was insufficient to justify a conviction. The court stated:

> There was no motion for a directed verdict in Crain's behalf *at the close of the Commonwealth's case, nor* at the close of all the evidence; consequently, this question was not properly preserved for appellate review.

(emphasis supplied, citation omitted). The clear implication of this language is that a motion at either of the above-mentioned times would have been sufficient to preserve the issue for appellate consideration. In *Hatton v. Commonwealth*, 409 S.W.2d 818, 819 (Ky.1966) a similar rule was announced when the court stated that it would not review the sufficiency of the evidence since the "[a]ppellant did not move for a directed verdict or a peremptory instruction, nor ... for a new trial." *See also Minor v. Commonwealth*, 478 S.W.2d 716, 717 (Ky.1971), *cert. denied*, 409 U.S. 1064, 93 S.Ct. 563, 34 L.Ed.2d 517 (1972) (same).

There is some indication that the question of the sufficiency of the evidence could be preserved, pre-*Kimbrough*, by a motion for a new trial if that ground was relied upon in the motion. In *Stone v. Commonwealth*, 456 S.W.2d 43 (Ky.1970), the court reversed defendant's conviction. The defendant had unsuccessfully moved for a new trial on the basis of discovery of new evidence. The court reversed because of the insufficiency of the evidence which had resulted in a manifest injustice. *See also Hatton, supra.*

The state principally argues that its criminal rules of procedure always required a motion at the close of all the evidence to preserve the sufficiency issue for review, R.Cr. 9.54, and thus the *Kimbrough* rule was merely a reiteration of that require-ment. Even though, as we have seen, that proposition is far from clear, it has no relevance in the instant case. R.Cr. 9.54(2), a provision providing for peremptory instructions, is only invoked when "the evidence is insufficient to sustain the burden of proof on one or more, *but less than all*, of the issues presented by the case ...." *Kimbrough v. Commonwealth*, 550 S.W.2d 525, 529 (Ky.1977) (emphasis in original). A directed verdict is the appropriate motion under Kentucky law when the movant seeks total acquittal, when "it would be clearly unreasonable for a jury to find the defendant guilty, *under any possible theory*, of any of the crimes charged in the indictment or of any lesser included offenses." *Campbell v. Commonwealth*, 564 S.W.2d 528, 530 (Ky.1978) (emphasis in original). The petitioners in the case *sub judice* sought total acquittal of the charges because the evidence was insufficient to sustain any conviction. Thus, and properly so, they moved for a directed verdict and not for a peremptory instruction.

## II.  SUFFICIENCY OF THE EVIDENCE:

Having concluded that pre-*Kimbrough* case law permitted the sufficiency issue to be preserved by a motion for directed verdict at the close of the government's case-in-chief, and recognizing that such a motion was made in the instant case, I am compelled to the conclusion that no procedural bar stands in the way of substantively evaluating the petitioners' convictions. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The state cannot rely on a new procedural rule to bar review of a conviction under the guise of "clarification" when the procedures in effect at the time of conviction were complied with.[1]

---

1. *Engle v. Isaac*, — U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) does not portend otherwise. *Isaac* dealt with the situation where a new *substantive* rule of law applied retroactively did not provide cause and prejudice for a failure to object contemporaneously. In *Isaac* the respondents did not lack at the time of trial "the tools to construct their constitutional claim." *Id.* at ——, 102 S.Ct. at 1574. Here, we deal with a change in *procedural* rules, the proper timing of objections, a rule by its very nature arbitrary. No attorney, no matter how prescient, could have foreseen the procedural change in law that *Kimbrough* brought about. Petitioners, deprived of the means of preserving their rights, were denied due process. *Cf. Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982) ("federal habeas relief is available when ...

After a thorough review of the record, I agree with all those courts which have substantively reviewed the evidence elicited at the petitioners' trial and find insufficient evidence to sustain the convictions of Carpenter and Borders. Both the Kentucky Court of Appeals in its original decision and the Supreme Court of Kentucky in its original decision in this matter found no evidence linking Borders and Carpenter to the alleged crimes. Those courts were operating under guidelines established in *Vachon v. New Hampshire*, 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974), guidelines subsequently overruled in *Jackson v. Virginia, supra.* Thus, the state courts have never evaluated the sufficiency of the evidence as to any of the appellees under the *Jackson* standard. However, given their finding under *Vachon* that "no" evidence supported the convictions of Carpenter and Borders, it follows *a fortiori* that these convictions were faulty under the stricter *Jackson* test.[2]

As to Blair, the Supreme Court of Kentucky felt there was "some" evidence sufficient to sustain a conviction. After a careful reading of the entire record, I conclude that a rational trier of fact could have found him guilty of the crimes charged. The evidence, indicating that Blair was leaving the scene of the second shooting in a car which matched the description of the car involved in that shooting, that one of the bullets had been previously chambered in his gun and that a gun had recently been fired from his automobile, along with his admissions to his girlfriend and to his superior and his testimony about his activities, which the jury could have found was false, was sufficient to permit the jury to find that he was involved in the shooting incidents at Club Cobra.[3]

Accordingly, for the reasons stated in this opinion, I would affirm the District Court's grant of Carpenter's and Borders' habeas petitions and deny the petition of Blair.

---

unanticipated and unforeseeable application of a procedural rule . . . prevents state court consideration of the merits of the claim.")

2. The cases need not be remanded to the state courts. The sufficiency of the evidence is a legal test, not a factual determination. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) does not therefore control. As a legal test, the *Jackson* standard can be applied perfectly well by a Court of Appeals for the first time on appeal.

3. The District Court did not make an independent evaluation of the evidence with respect to Carpenter and Borders. It stated that "the state courts have, in all of their decisions concerning the evidence, consistently held that there was no relevant evidence to connect the petitioners with the crime . . .". App. at 30. That was not the case in the Supreme Court of Kentucky with respect to Blair.