779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID ANTHONY ST. CLAIR, Petitioner-Appellee,
RICKY ALLEN SLINKER, Petitioner-Appellant,
v.
MICHAEL KEPLINGER, JAILER; STEVEN L. BESHEAR, ATTORNEY
GENERAL OF KENTUCKY, Respondents-Appellants,
Respondents-Appellees.
 84-5846, 84-5457
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and NEESE[1], Senior (Retired) District Judge.
 PER CURIAM.
 
 
 1
 This is a habeas corpus proceeding under 28 U.S.C. Sec. 2254 in which the State of Kentucky (state) appeals from the district court's judgment which granted the writ to petitioner/appellee David St. Clair. Respondent/appellant Ricky Slinker also appeals from the district court's order denying his writ.
 
 
 2
 The facts are basically undisputed: Gary Hall testified that after returning from a revival meeting on September 3, 1981, he discovered jewelry, a calculator and seventy-six dollars in cash missing from his unlocked home. Approximately five days ?? Ricky Slinker sold four rings and some coins identified as belonging to Hall ?? pawnbrokers.
 
 
 3
 After procuring a warrant, police arrested Slinker on September 20, 1981. On October 5, 1981, David St. Clair was arrested when he appeared at state court for arraignment on a charge of second degree burglary. When St. Clair was searched, police found in his wallet a damaged calculator which allegedly belonged to Hall's daughter.
 
 
 4
 At trial on these charges, the prosecutor, in his last statement to the jury during closing argument, commented on the post-arrest silence of Slinker and St. Clair. As the jury was leaving the jury box, St. Clair's attorney objected to the prosecutor's statement as an improper comment on his client's right to remain silent. Slinker's counsel lodged no objection. Slinker and St. Clair's motion for a new trial was denied for the reason that they failed to comply with Kentucky's contemporaneous objection rule, Ky.R.Cr.P. 9.22, and the lack of prejudice. This decision was affirmed by the Kentucky Court of Appeals and the Kentucky Supreme Court denied a motion for discretionary review without addressing any issue in the case.
 
 
 5
 Slinker and St. Clair sought habeas corpus relief in federal district court and that court granted the writ to St. Clair, concluding that St. Clair's objection was timely. The court reasoned that the 'cause and actual prejudice' test enunciated in Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), did not apply to St. Clair because the state court's reliance on its own procedural rule in this case was misplaced. The district court further concluded that the prosecutor's statement was extremely prejudicial and did not constitute harmless error. Slinker's petition for habeas relief was denied since he made no objection to the prosecutor's statement and could not show cause and actual prejudice resulting from his failure to do so. In addressing Slinker and St. Clair's contentions concerning sufficiency of the evidence, the district court opined that while there was ample evidence to support Slinker's conviction, the prosecution's evidence of St. Clair's participation in the burglary was minimal. The court, therefore, concluded that the evidence against St. Clair was insufficient to support his conviction for burglary in the second degree.
 
 
 6
 The state now contends that the district court erred in finding that St. Clair's objection complied with the contemporaneous objection rule. The Supreme Court in Wainwright v. Sykes, supra, enumerated several factors favoring the contemporaneous objection rule. First, it preserves the error in a timely fashion. Second, the trial court is given the opportunity to correct the claimed error, thereby contributing to the finality of criminal litigation. Third, the rule discourages 'sandbagging' by defense attorneys who knowingly elect to gamble on the jury verdict by initially bypassing an objection to an obvious procedural error, thereby retaining the option to assert the constitutional infringement in a federal habeas corpus proceeding in the event the jury verdict is unfavorable. Id. 433 U.S. at 88-89, 97 S.Ct. at 2507. This reasoning is reflected in Engle v. Issac, 456 U.S. 107, 128-129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982), wherein the court stated that where there is a procedural default, 'the trial court has had no opportunity to correct the defect and avoid problematic retrials. The defendant's counsel, for whatever reasons, has detracted from the trial's significance by neglecting to raise a claim in that forum.'
 
 
 7
 Similarly, the Kentucky state courts have long recognized that the major rationale underlying its contemporaneous objection rule is to direct the error to the attention of the trial judge for correction. See., Salisbury v. Commonwealth, Ky. 556 S.W.2d 922 (1977); Jones v. Commonwealth, Ky. 38 S.W.2d 251, 254 (1931). A review of the record in this case readily discloses that St. Clair's counsel complied with the contemporaneous objection rule. The error was brought to the notice of the trial court, and the judge had ample opportunity to correct it. Ky.R.Cr.P. 9.76. states 'while the jurors are deliberating on their verdict the court shall be deemed open for every purpose connected with the case submitted to the jury until the verdict is returned or the jury discharged.' In Garner v. Commonwealth, Ky. 64 S.W.2d 705 (1983), the jury was returned to the courtroom after it commenced deliberations and given an amended instructions after the court discovered it had instructed the jury erroneously. Even though the jury informed the judge that it had already fixed a punishment, the court nevertheless ordered the jury not to disclose its verdict and directed it to return to the jury room for further deliberation in light of the amended instruction. The Kentucky Supreme Court found this action was not only error free, but laudatory.
 
 
 8
 In Carpenter v. Leibson, 683 F.2d 169 (6th Cir. 1982), this court stated:
 
 
 9
 There is no rational basis for the [Kentucky] Supreme Court to technically and mechanically apply any procedural rule . . . when in truth and in fact it was applicable, as the uncontroverted record shows . . . We should look to substance rather than mere form.
 
 
 10
 Id. at 172 (emphasis added).
 
 
 11
 The interpretation urged by the state in this case is an exceedingly narrow and gruding one which serves no rational purpose, and the district court was correct in rejecting it.
 
 
 12
 The state next contends that the district court erred in concluding that the evidence against St. Clair was insufficient to warrant a conviction. Slinker conversely argues that the court erred in deciding that the evidence against him was sufficient to support his conviction.
 
 
 13
 Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979), provides the relevant standard for reviewing a question of sufficiency of the evidence: 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' The Supreme Court in In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), stated that the due process clause of ?? Amendment requires the prosecution to prove, 'beyond a reasonable ?? fact necessary to constitute a crime.' ?? evidence against St. Clair in this case was minimal at best. The state's strongest evidence was the calculator allegedly taken from the Hall home which was found in St. Clair's possession when he was searched. However, the search was conducted approximately one month after the burglary and the calculator was in a substantially different condition than the one taken from the Hall home. Moreover, St. Clair never attempted to sell stolen merchandise and he was never identified by either of the two pawn shop owners. The district court properly ruled that a conviction based on this minimal evidence constituted a denial of due process.
 
 
 14
 On the other hand, the evidence against Slinker was substantially more compelling. Slinker was seen in proximity of the Hall home the night it was burglarized and he was positively identified by two pawnshop owners as having sold stolen merchandise within a few days of the crime. Thus, the jury had ample evidence before it upon which to find Slinker guilty, and the district court acted correctly in refusing to disturb the jury's verdict.
 
 
 15
 This court has examined the remainder of the parties' contentions and concludes that the district court's decision on each was proper. Accordingly, the decision of the district court is hereby AFFIRMED.
 
 
 16
 NEESE, Senior (retired district) Judge, concurring in part and dissenting in part:
 
 
 17
 In concur completely in the majority opinion as it pertains to the appellant Mr. Slinker. It is my opinion, however, that the appellee Mr. St.Clair was not denied federal due process, because sufficient evidence was adduced of his sufficiently-recent possession of the stolen calculator, identified as the one taken in the burglary, with no plausible explanation being given for such possession which was consistent with innocence, to support the traditional common-law inference of Mr. St.Clair's participation with Mr. Slinker in the crime. Cf. United States v. Winbush, 428 F.2d 357, 359 (6th Cir. 1970), cert.denied, 400 U.S. 918, 91 S.Ct. 179, 27 L.Ed.2d 157 (1970), cited in Barnes v. United States, 412 U.S. 843, 844, n.7, 93 S.Ct. 2357, 2362, n.7, 37 L.Ed.2d 380 (1973) (where the evidence established possession by an accused of recently stolen checks and there was no plausible explanation for such possession consistent with innocence, and the traditional common-law inference arising from the possession of recently stolen goods satisfied the standard of reasonable doubt and comported with federal due process).
 
 
 
 [1]
 Hon. C.G. Neese, Senior (Retired) District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation